JEROME LIMANOWSKI, Plaintiff-Appellant, v. ASHLAND OIL COMPANY, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—92—3657

Opinion filed September 5, 1995.

Michael J. Rovell, Lisa I. Fair, Jeffrey R. Platt, and William F. Zito, Jr., all of Law Offices of Michael J. Rovell, of Chicago, for appellant.

Stevenson, Rusin & Friedman, Ltd., of Chicago, and Baker, Worthington, Crossley, Stanberry & Woolf, of Knoxville, Tennessee (Larry J. Chilton and W. Kyle Carpenter, of counsel), for appellees Ashland Oil Company, Jack Frost and Jack Sweet.

JUSTICE BRADEN delivered the opinion of the court:

Plaintiff, Jerome Limanowski (Limanowski), appeals from a September 23, 1992, order by the circuit court of Cook County, denying his motion for judgment notwithstanding the verdict.

Limanowski argues that the trial court erred by (1) allowing defense counsel to make statements during closing argument as to the type of conduct constituting specific intent, where such comments were inconsistent with the trial court's final jury instructions; (2)

instructing the jury that an employee seeking to recover against his employer on an intentional tort theory must prove that the employer specifically intended to injure plaintiff; (3) submitting a supplemental instruction to the jury; and (4) allowing direct examination of Limanowski concerning previous settlements with third parties as well as allowing references to Limanowski's remedies under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)) during both cross-examination and closing argument.

We affirm.

This action was originally commenced by Limanowski to recover damages occasioned by the conduct of his employer, Ashland Oil Company, and various supervisors employed by Ashland (collectively Ashland), who allegedly caused Limanowski to handle, inhale, smell or otherwise ingest toxic vapors and fumes and otherwise withheld the toxic and poisonous nature of these chemicals. On October 22, 1984, Limanowski filed a multicount complaint against numerous manufacturers and distributors, as well as Ashland and four of its employees. In his complaint Limanowski sought damages for alleged injuries sustained due to his exposure to chemicals in the workplace. Limanowski based his action on various legal theories, including intentional tort, negligence, products liability and breach of warranty. Limanowski subsequently filed numerous amended complaints in which he ultimately claimed that Ashland, by its employees, had an ongoing policy to intentionally and feloniously poison him. In their answer to counts I and II of Limanowski's fifth amended complaint, Ashland and its employees raised several affirmative defenses, including the exclusive remedy provisions of the Workers' Compensation Act (Act) and the Workers' Occupational Diseases Act (820 ILCS 310/1 *et seq.* (West 1992)).

In 1989, Ashland and four of its employees filed a motion for summary judgment, claiming that the deposition testimony, affidavits and other discovery produced to date failed to prove any facts supporting Limanowski's claim that Ashland or its employees specifically intended to injure or kill him. On August 27, 1990, the trial court denied the motion for summary judgment. At the close of discovery on March 16, 1992, Ashland and its employees brought another motion for summary judgment. This motion was also denied. On August 10, 1992, a jury rendered a verdict in favor of Ashland and its employees and against Limanowski.

■ The first issue on appeal is whether the trial court committed plain error by allowing defense counsel to make statements during closing arguments as to the type of conduct constituting specific intent, where such comments were inconsistent with the trial court's

final jury instructions and where Limanowski failed to make a contemporaneous objection or raise such issue in a post-trial motion. Ashland asserts that Limanowski failed to raise such objections during closing argument or in a post-trial motion and, as such, waived appellate review of such errors. We agree.

Failure to raise objection at trial or during post-trial proceedings results in waiver of the right to raise the issue on appeal. (*Williamsburg Village Owners' Association, Inc. v. Lauder Associates* (1990), 200 Ill. App. 3d 474, 479, 558 N.E.2d 208, 210.) Failure to object to alleged errors in an opponent's closing argument is considered waiver of the objection. (*Pharr v. Chicago Transit Authority* (1991), 220 Ill. App. 3d 509, 515, 581 N.E.2d 162, 166.) Generally, failure to object to any impropriety in counsel's closing argument results in waiver unless comments are so inflammatory and prejudicial that plaintiff is denied a fair trial. *Jarmon v. Jinks* (1987), 165 Ill. App. 3d 855, 864, 520 N.E.2d 783, 788.

Here, the record is devoid of a single objection to defense counsel's comments regarding jury instructions. Therefore, Limanowski waived appellate review by failing to object to such comments during trial or in his post-trial motion.

In determining whether a party has been denied a fair trial because of improper closing argument, the reviewing court gives considerable deference to the trial court because it is in a superior position to assess the accuracy and effect of counsel's statements. (*Guzeldere v. Wallin* (1992), 229 Ill. App. 3d 1, 15, 593 N.E.2d 629, 638.) The determination of whether improper remarks of counsel are so prejudicial as to deprive the other party of his right to a fair trial is a matter resting within the sound discretion of the trial court. (*Balzekas v. Looking Elk* (1993), 254 Ill. App. 3d 529, 535, 627 N.E.2d 84, 89.) Even if the issue was not waived, Limanowski's argument still must fail because the record is devoid of any indication that the trial court may have abused its discretion in allowing such remarks.

The next issue raised on appeal is whether the trial court erred in instructing the jury that an employee, seeking to recover against his employer on an intentional tort theory, must prove, by a preponderance of the evidence, that the employer specifically intended to injure plaintiff.

Limanowski contends that under Illinois law the "substantial certainty test" is the standard for determining whether an injury suffered in the workplace is accidental and not intentional for purposes of determining whether he is limited to the exclusive remedy provided under the Act. Limanowski asserts that if an act is committed with the belief that injury is substantially certain to occur, then the conduct is deemed to be intentional.

Ashland, on the other hand, contends that such assertion is inconsistent with Illinois law, as well as the majority of States which have addressed the issue of intent. Ashland contends that for an employee to escape the exclusive remedy of the Act and recover against his employer on an intentional tort theory, an employee must prove, by a preponderance of the evidence, that the employer specifically intended to injure plaintiff. We agree.

■ Section 5(a) of the Act states:

> "No common law or statutory right to recover damages from the employer *** or the agents or employees of [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (820 ILCS 305/5(a) (West 1992).)

Section 11 of the Act also states:

> "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act ***." 820 ILCS 305/11 (West 1992).

These sections bar an employee from bringing a common law cause of action against his or her employer unless the employee plaintiff proves that (1) the injury was not accidental; (2) the injury did not arise from his or her employment; (3) the injury was not received during the course of employment; or (4) the injury was not compensable under the Act. *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 564 N.E.2d 1222.

■ In *Copass v. Illinois Power Co.* (1991), 211 Ill. App. 3d 205, 569 N.E.2d 1211, the court addressed the standard for determining whether an employee's injury was accidental for the purposes of escaping the exclusive remedy provided under the Act. In *Copass*, a suit was brought by a widow whose husband had been killed while working on a gas pipeline for his employer, Illinois Power Company. The husband was killed in an explosion while testing the pipeline for leaks. The widow alleged that the power company committed an intentional tort against her husband when it allowed him to test the pipeline without proper training and without being warned of the danger of the work to be performed. The widow alleged that the power company knew with substantial certainty that its actions would result in injury to her husband. The *Copass* court rejected the widow's argument that the Restatement (Second) of Torts' "substantial certainty" test should control, reasoning that it was more consistent with the purposes of the Act to require the employee to show a

specific intent to injure on the part of the employer. (*Copass*, 211 Ill. App. 3d at 212-14, 569 N.E.2d at 1215-16.) The court in *Copass* noted that the Act sought to balance the interests of employers and employees with regard to on-the-job injuries:

> "Under workers' compensation, employees may recover for injuries without proving the employer was at fault, and they are to be provided swift and certain recovery. In exchange, workers' compensation becomes the exclusive remedy because employees give up the right to pursue a potentially larger judgment in a common law action." *Copass*, 211 Ill. App. 3d at 213, 596 N.E.2d at 1216, citing 2A A. Larson, Law of Workmen's Compensation § 65.11, at 12—1 through 12—9 (1990).

The court in *Bercaw v. Domino's Pizza, Inc.* (1994), 258 Ill. App. 3d 211, 630 N.E.2d 166, also relied on the holding in *Copass*, stating:

> "We believe, like the *Copass* court, that use of the substantial certainty standard would be unduly difficult to employ in distinguishing between accidental and nonaccidental injuries and that adoption of the substantial certainty test would upset the Act's balance of interest." (*Bercaw*, 258 Ill. App. 3d at 215, 630 N.E.2d at 169.)

In adopting the holding in *Copass*, the *Bercaw* court stated that the "specific intent to injure" test was in keeping with the basic purposes of the Act, and that adoption of this doctrine by the second district would avoid unnecessary litigation. *Bercaw*, 258 Ill. App. 3d at 218, 630 N.E.2d at 171-72.

This court has also adopted the specific intent standard as stated in *Copass*. In *Mayfield v. Acme Barrel Co.* (1994), 258 Ill. App. 3d 32, 629 N.E.2d 690, the court addressed whether an injury is accidental for the purpose of applying the Act. The court held that it is only when the employer acts with specific intent to injure the employee that the resultant injury is stripped of its accidental character. The *Mayfield* court quoted Professor Larson's treatise as follows:

> " 'Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, *** this still falls short of the kind of actual intention to injure that robs the injury of accidental character.' 2A A. Larson, Workmen's Compensation Law § 68.13, at 13—36 to 13—44 (1990)." *Mayfield*, 258 Ill. App. 3d at 36, 629 N.E.2d at 694.

Here, the trial court properly instructed the jury that an employee, seeking to recover against his employer on an intentional tort theory, must prove, by a preponderance of the evidence, that the employer specifically intended to injure plaintiff.

■ The next issue we must address is whether the trial court committed reversible error by submitting a supplemental instruction to the jury, where the jury submitted a written request for clarification regarding the court's previous instruction and where Limanowski failed to make either a contemporaneous objection or raise such issue in a post-trial motion.

Limanowski contends that the trial court's response to the jury's request for clarification of the court's previously issued jury instruction confused the jury as to the burden of proof. Specifically, Limanowski asserts that the trial court stated that the action before the court was not a negligence case, confusing the jury as to whether the burden of proof in such an action was "more probable than not" or "clear and convincing."

Here, Limanowski has again waived any objection to the jury instruction by failing to object to the instruction and by failing to tender any instruction setting forth the argument made here on appeal. (*Deal v. Byford* (1989), 127 Ill. 2d 192, 202-03 537 N.E.2d 267, 271.) Although the record indicates that Limanowski's post-trial motion alleged that the jury was improperly instructed as to the definition of intent in an intentional tort action, the record is devoid of any specific objection by Limanowski to the negligence/burden of proof instruction provided by the trial court. Nor does the record indicate that Limanowski raised any such objection in his post-trial motion. As such, Limanowski failed to properly preserve his objection for review.

A reviewing court may find error even if the matter was not preserved by the lower court or opposing counsel if prejudicial conduct of one attorney affects the conduct of the case so severely that litigants could not receive a fair trial. *McGrath v. Chicago & North Western Transportation Co.* (1989), 190 Ill. App. 3d 276, 280, 546 N.E.2d 670, 673.

Here, the record contains no evidence that the trial court erred in providing the jury with clarification of the meaning of both "specific intent" and the "burden of proof" in a negligence action. The court merely responded to the jury's request for such clarification. It is well established under Illinois law that a court has the duty to further instruct where the jury requests clarification, at least where the original instructions were incomplete or where the jurors indicate confusion. (*People v. Harmon* (1968), 104 Ill. App. 2d 294, 244 N.E.2d 358; *People v. Kucala* (1972), 7 Ill. App. 3d 1029, 288 N.E.2d 622.) The record also indicates that the trial court's supplemental jury instruction was prepared after consulting with counsel for both parties, neither of which objected to the content of the response. Therefore, Limanowski's contention is without merit.

■ The final issue we must address is whether defense counsel's direct examination of Limanowski concerning previous settlements with third parties or defense counsel's references to Limanowski's remedies under the Act constituted plain error, depriving him of a fair trial, where he failed to make either a contemporaneous objection or raise such issue in a post-trial motion.

Limanowski contends that defense counsel's direct examination of Limanowski concerning prior settlement agreements with third parties and defense counsel's reference to Limanowski's remedies under the Act, during both cross-examination and closing arguments, constituted plain error and, as such, Limanowski should be granted a new trial.

Here, we need not address whether the trial court abused its discretion either as to the scope and latitude of direct and cross-examination or as to the scope of closing argument. By failing to object, Limanowski waived any objections to both defense counsel's direct examination concerning prior settlement agreements with third parties (*Wood v. Mobil Chemical Co.* (1977), 50 Ill. App. 3d 465, 365 N.E.2d 1087), and defense counsel's comments regarding Limanowski's remedies under the Workers' Compensation Act, both during cross-examination (*Walker v. Maxwell City, Inc.* (1983), 117 Ill. App. 3d 571, 453 N.E.2d 917) and in closing argument. *Flores v. Cyborski* (1993), 257 Ill. App. 3d 119, 629 N.E.2d 74.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.