Anne RAFFERTY, Individually and as Administratrix of the Estate of Joseph A. Rafferty, Sr., Joseph A. Rafferty, Jr., James J. Rafferty and Brigid M. Rafferty, Plaintiffs Below–Appellants,

v.

HARTMAN WALSH PAINTING COMPANY, a Foreign Corporation, Defendant Below–Appellee.

No. 196, 1999.

Supreme Court of Delaware.

Submitted: Feb. 15, 2000.
Decided: July 12, 2000.
As Amended on Denial of Rehearing Oct. 19, 2000.

Joseph J. Rhoades, Esquire, and W. Christopher Componovo, Esquire, Law Offices of Joseph J. Rhoades, Wilmington, DE, attorneys for Plaintiffs Below, Appellants.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE, attorney for Appellee.

Harvey Bernard Rubenstein, Esquire, Edward B. Carter, Jr., Esquire, and Christopher J. Curtin, Esquire, Wilmington, DE, Delaware Trial Lawyers' Association, attorneys as Amicus Curiae.

* Retired Justice sitting by designation pursuant to Del. Const. art. IV Sec. 38.

Before VEASEY, Chief Justice, WALSH, HOLLAND, HARTNETT * and BERGER, Justices, constituting the Court en banc.

HARTNETT, Retired Justice:

In this appeal we consider whether the wife of a deceased employee may bring a tort action against the employer of her husband, a painter who fell to his death while painting a bridge. We find that because of the exclusivity provisions of the Delaware Workers' Compensation Act, a tort action may not be maintained against the employer on behalf of the employee in the absence of facts being alleged which, if true, show an intention by the employer to injure the employee.

## I.

This is an interlocutory appeal from the order of the Superior Court dismissing the tort claims by Anne Rafferty, the widow of Joseph A. Rafferty, Sr. against his employer Hartman Walsh Painting Co. Due to the interlocutory nature of this appeal, there were no factual findings below, but the essential facts are not disputed. Hartman Walsh employed Mr. Rafferty as a painter on its contract with the State of Delaware to paint a bridge on Interstate I–95 over the Brandywine River. On August 30, 1996, while in the employ of Hartman Walsh, Mr. Rafferty fell approximately 72 feet to his death.

Mrs. Rafferty filed this personal injury tort action on behalf of herself, the estate of Mr. Rafferty and their children. In the complaint she alleged that the death of Mr. Rafferty was proximately caused by Hartman Walsh's conduct. Hartman Walsh responded to the complaint by filing a motion to dismiss based on its assertion that any tort claim against it is barred by the Delaware Workers' Compensation Act. The Superior Court granted the motion and dismissed Mrs. Rafferty's claims with prejudice.[1] This interlocutory appeal followed.

1. *Anne Rafferty v. Hartman Walsh Painting Co.*, Del.Super., C.A. No. 98C–08–247(RRC) (April 7, 1999) (ORDER).

## II.

In 1917, Delaware enacted its first Workers' Compensation Statute. 29 Del. Laws ch. 233 (1917). One of the General Assembly's purposes in enacting the statute was to provide more direct and economical compensation for injured employees and create a pool of employers that would bear the burden of ameliorating the losses resulting from industrial accidents.[2] The Delaware Workers' Compensation Act was also designed to provide prompt financial and medical assistance to injured employees and their families because the lengthy and protracted nature of tort litigation arising out of injuries to an employee often delayed such assistance for an extended period of time.[3]

Workers' Compensation statutes similar to the Delaware Act were adopted in most states early in the last century in response to the failure of the common law to provide a quick, practical, cost effective remedy for on the job injuries suffered by workers.

In Delaware, as well as under many other state statutes, there was a trade off. On one side, compensation was to be promptly awarded to a worker for a job related injury without the worker being required to prove any fault. Conversely, the statutes precluded the employee from bringing a suit for a common law tort against the employer arising out of a job related accident. Under these statutes, most courts have held that the exclusivity provision of a Workers' Compensation statute precludes a suit for negligence under the common law, even if the injury was caused by the gross, wanton, wilful, deliberate, reckless, culpable or malicious negligence, or other misconduct of the employer.[4]

The Delaware Workers' Compensation statute states in part:

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies. 19 *Del. C.* § 2304.

Many state courts, under similar statutes, have held that an intentional act by the employer that causes injury to an employee is not an "accident" and therefore a claim based on an intentional injury is not barred by the Workers' Compensation Act.[5] We agree that those claims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims.

## III.

In states that allow a tort recovery for an intentional injury by an employer, there is a split of authority as to how to judge an

**2.** *Koeppel v. E.I. DuPont De Nemours & Co.,* Del.Super., 183 A. 516 (1936), aff'd, Del. Supr., 194 A. 847 (1937) (holding that one purpose of the Workers' Compensation Law is to place upon industry or business, as a whole, a portion of the loss arising from industrial accidents and to make compensation for the injury or death of an employee more direct, certain and economical).

**3.** *Frank C. Sparks Co. v. Huber Baking* Co., Del.Supr., 96 A.2d 456 (1953) (holding that the philosophy of the Workers' Compensation law is to give an injured employee, irrespective of the merits of his cause of action, a prompt and sure means of receiving compensation and medical care without subjecting that worker to the hazards and delays of a law suit).

**4.** Larson, Worker's Compensation Law § 103.03: 103–5 through 103–6.

**5.** *See Limanowski v. Ashland Oil Co.,* 275 Ill. App.3d 115, 211 Ill.Dec. 666, 655 N.E.2d 1049 (1995) (holding that an employee must show by a preponderance of the evidence that the employer specifically intended to injure the plaintiff); *Acevedo v. Consolidated Edison Co.,* 189 A.D.2d 497, 596 N.Y.S.2d 68 (1993) (holding that an employers known exposure of asbestos hazards to employees does not constitute intentional injury).

employer's conduct and two rules have emerged: the intentional tort doctrine followed by the majority of states[6] and the substantial certainty doctrine that is followed by only a few states[7].

Under the intentional conduct doctrine, for a complaint to survive a motion to dismiss, there must be more than a mere allegation that there was an intentional injury; there must be facts alleged which, if true, show a deliberate intent to bring about an injury.[8] The substantial certainty doctrine does not impose as rigorous a standard as the intentional conduct doctrine but still requires that the alleged conduct or a condition permitted by the employer caused a situation where the employee would definitely be harmed.

Mrs. Rafferty claims that even if Hartman Walsh's failure to provide adequate safety procedures for her husband did not constitute a true intentional tort, this Court should use the substantial certainty doctrine to expand the parameters of what constitutes an intentional tort, thereby allowing a common law tort suit to be brought against Hartman Walsh not withstanding the exclusivity provision of the Delaware Workers' Compensation Act.

## IV.

In her complaint Mrs. Rafferty alleges a number of facts which, if true, would be sufficient to state a claim for negligence based on recklessness. Hartman Walsh's numerous acts of negligence,

in violation of Occupational Safety Health Administration ("OSHA") safety regulations, included the failure to provide a training program for employees concerning personal fall arrest systems, failure to provide a safe working environment, and a failure to meet necessary safety requirements in the operation of equipment.

Mrs. Rafferty's complaint, however, offers only a conclusory contention that Hartman Walsh's acts of negligence were substantially certain to result in injury to Mr. Rafferty and none of the alleged facts is sufficient to show an actual intent by Hartman Walsh to injure Mr. Rafferty.

Even if Delaware followed the substantial certainty rule, the complaint here does not allege facts which, if true, would show that Hartman Walsh, when it violated the OSHA regulations, specifically intended to injure Mr. Rafferty.[9]

## V.

There is nothing in our Workers' Compensation Act that indicates that our General Assembly intended to adopt the substantial certainty rule. Mindful of the separation of powers doctrine, in the absence of clear statutory language, we cannot rewrite the statute to apply the substantial certainty doctrine in Delaware.[10]

This holding is consistent with *Kofron v. Amoco Chemicals Corp.*, Del.Supr., 441 A.2d 226 (1982). In that case, we considered the issue of the exclusivity provision of the Workers' Compensation Act based on the worker's claim for injury based on

---

6. Larson, Worker's Compensation Law § 103.03.

7. Larson, Worker's Compensation Law § 103.05[2]–[5] "The states implementing the substantial certainty doctrine in allowing employee recovery of a tort committed intentionally by an employer include Michigan, North Carolina, Louisiana, Ohio and West Virginia."

8. Larson, Worker's Compensation Law § 103.04; *Kofron v. Amoco Chemicals Corp.*, Del.Supr., 441 A.2d 226 (1982).

9. *Spitler v. K & C Serv. Station Maintenance Co.*, 90 Ohio App.3d 49, 627 N.E.2d 1073, 1073–1075 (1993) (The court held that to es-

tablish an intentional tort of an employer, proof beyond that to prove recklessness must be established by the employee. The mere knowledge and appreciation of a risk is not intent).

10. *Keys v. State*, Del.Supr., 337 A.2d 18 (1975) (holding that it is fundamental that in construing a statute, the Delaware Supreme Court must seek to ascertain and give effect to the intention of the Legislature as expressed in the statute itself); *See* 2A Larson § 69.10, at 13–41 & 70.10, at 13–56 (1976).

diseases resulting from exposure to asbestos. We held that the exclusivity provision of the Workers' Compensation statute precluded a tort claim not only for injuries caused by accident, but also injuries arising from compensable occupational diseases.[11]

For this court to consider an exception to the exclusivity provision of 19 *Del. C.* § 2304, a party, therefore, must allege specific, intentional tortious conduct.[12] This was not done here.

Although we find no error in the Superior Court's dismissal of the complaint based on the record before it, in the interests of justice, we **REMAND** to the Superior Court for it to consider any motion to amend the complaint in order to state a proper claim.

Jurisdiction is not retained.

---

**11.** *See also Nutt v. A.C. & S. Inc.*, Del.Super., 466 A.2d 18, 21–22 (1983) (Stating that the holding of Kofron advances the general proposition that all acts of an employer, whether negligent or intentional, fall within the exclusivity provision of 19 *Del. C.* § 2303).

**12.** Larson, Worker's Compensation Law § 103.04 "A complaint, to survive a motion to dismiss, must do more than merely allege intentional injury as an exception to the general exclusiveness rule; it must allege facts that add up to a deliberate intent to bring about injury."; *see Kofron v. Amoco Chemicals Corp.*, Del.Supr., 441 A.2d 226 (1982); *Limanowski v. Ashland Oil Co.*, 275 Ill.App.3d 115, 211 Ill.Dec. 666, 655 N.E.2d 1049 (1995) (holding that the employee must show by a preponderance of the evidence that the employer specifically intended to injury the plaintiff).