

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# EEOC v. Avecia Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"EEOC v. Avecia Inc" (2005). *2005 Decisions.* Paper 420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3396
_____


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;
LISA STEPLER

v.

AVECIA, INC.

Lisa Stepler,

Appellant

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Dist. Court Civil Action No. 03-CV-00320
District Judge:  The Honorable Susan L. Robinson
_____

Argued July 12, 2005

Before:  ALITO, BECKER, and GREENBERG, Circuit Judges


(Filed: October 13, 2005)

_____

OPINION OF THE COURT
_____


PHILLIP B. BARTOSHESKY (ARGUED)
Biggs and Battaglia
921 North Orange Street
Wilmington, Del. 19801
            *Counsel for Appellant*


GINGER D. SCHRODER(ARGUED)
Schroder, Joseph & Associates LLP
766 Ellicott Street
Buffalo, N.Y. 14203


JENNIFER C. JAUFFRET
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899
            *Counsel for Appellee*


PER CURIAM:

Lisa Stepler, a former laboratory technician for Avecia, Inc. ("Avecia") sued Avecia for retaliation under Title VII of the Civil Rights Act of 1964, wrongful termination under Delaware law, and intentional infliction of emotional distress under Delaware law. The District Court dismissed Stepler's claim for intentional infliction of emotional distress and granted summary judgment in favor of Avecia on Stepler's retaliation and wrongful termination claims. We affirm the dismissal of the claim for the intentional affliction of emotional distress and the entry of summary judgment in favor of Avecia on the wrongful termination claim. However, we reverse the entry of summary

judgment in favor of Avecia on the retaliation claim and remand for further proceedings.

I.

Stepler asserts that this case should have been analyzed under the framework of Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).[1]  Under that framework, the "burden of production and the risk of non-persuasion are shifted to the defendant," and the defendant must show "that even if discrimination was a motivating factor in the adverse employment decision, it would have made the same employment decision regardless of its discriminatory animus." Armbuster v. Unisys Corp., 32 F.3d 768, 778 (3d Cir. 1994). This framework only applies, however, where the employee can show "*direct evidence that an illegitimate criterion was a substantial factor in the decision.*" Price Waterhouse, 490 U.S. at 276 (O'Connor, J., concurring in the judgment) (emphasis added); see also Walden v. Georgia-Pacific Corp., 126 F.3d 506, 513 (3d Cir. 1997).  We have carefully considered the evidence on which Stepler relies in this case, and while the question is close we conclude that she did not meet the "direct evidence" standard.

Stepler's Title VII claims must be analyzed under the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. Under this framework, Stepler was first required to make out a prima facie case of

---

[1]42 U.S.C. § 2000e-2(m) does not reach retaliation claims.  Woodson v. Scott Paper Co., 109 F.3d 913, 934 (3d Cir.), cert. denied, 522 U.S. 914 (1997).

retaliation by establishing (1) that she engaged in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal link between her protected activity and the adverse employment action. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000). If Stepler successfully made out a prima facie case, Avecia had to point to evidence in the summary judgment record that was sufficient, if believed, to support a finding that Stepler was not discharged because of her protected activity. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-507 (1993). If Avecia met this burden, Stepler was required to prove that unlawful retaliation was a determinative cause of her firing. See McDonnell Douglas, 411 U.S. at 802-803.

Stepler clearly satisfied the first two prongs of the prima facie case standard. Her complaints about a hostile work environment and retaliation were protected activities, and her firing by Avecia obviously was an adverse employment action. Whether she proffered sufficient evidence to meet the third prong of the prima facie case standard is less clear due to the gap of almost one year between her initial complaint and her termination, but a gap of this magnitude is not conclusive and can be outweighed by a "pattern of harassment" or a "pattern of antagonism" in the intervening period. See Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997); see also Robinson v. Southeastern Pennsylvania Transp. Auth., 982 F.2d 892, 894-95 (3d Cir. 1993). A reasonable jury considering the evidence in the light most favorable to Stepler – including Stepler's performance reviews, management's increased scrutiny of her, the tension with

her co-workers, the memorandum of April 23, 2001, and the termination letter – could conclude that there was a causal link between Stepler's protected activities and Avecia's decision to fire her. We thus conclude that Stepler made out a prima facie case.

Avecia's proffered reasons for Stepler's termination were poor work performance and disruptive behavior, but a reasonable jury considering the evidence in the light most favorable to Stepler, and drawing all inferences in Stepler's favor, could conclude otherwise. Particularly noteworthy are the references in both the April 23 memo and the May 4, 2001, termination letter to Stepler's "intense focus upon alleged harassment [and] retaliation." App. 264, 371.

### III.

Conversely, there are no issues of fact precluding summary judgment in favor of Avecia on Stepler's state law claim for breach of the covenant of good faith and fair dealing.

The general rule in Delaware is that employees are employed "at will" and may be dismissed at any time without cause. See Merrill v. Crothall-American, Inc., 606 A.2d 96, 103 (Del. 1992). The general rule does not apply, however, in the following four situations:

(i) where the termination violated public policy;

(ii) where the employer misrepresented an important fact and the employee relied "thereon either to accept a new position or remain in a present one";

(iii) where the employer used its superior bargaining power to deprive an employee

of clearly identifiable compensation related to the employee's past service; and

(iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.

Lord v. Souder, 748 A.2d 393, 400 (Del. 2000) (citing E.I. DuPont de Nemours and Co. v. Pressman, 679 A.2d 436, 442-44 (Del. 1996)). Stepler claims that Avecia's actions fit into either the first or fourth category. She contends that the first category fits because being fired for opposition to sexual harassment and retaliation violates public policy, and she argues that the fourth category fits because she was subjected to false criticisms of her work in her performance evaluation, false claims that she was using work time to study, and false claims that she was fired for behavioral and performance issues.

In order to make out a claim of a public policy violation, a plaintiff must satisfy a two-part test: "(i) the employee must assert a public interest recognized by some legislative, administrative or judicial authority and (ii) the employee must occupy a position with responsibility for advancing or sustaining that particular interest." Lord, 748 A.2d at 401 (citing Pressman, 679 A.2d at 441-42). To satisfy the first part, Stepler relies on the Delaware Supreme Court's decision in Schuster v. Derocili, 775 A.2d 1029 (Del. 2001), which recognized a cause of action for breach of the covenant of good faith and fair dealing where the employee alleged that she was terminated following sexual harassment in the workplace. But in 2004 the Delaware legislature amended 19 Del. C. § 710 et seq., which prohibits discrimination in employment practices, in order to clarify that this statute was the "sole remedy" for an aggrieved employee "to the exclusion of all

other remedies." 19 Del. C. § 712(b) (2005). In fact, the synopsis of the Senate Bill expressly states disagreement with the Delaware Supreme Court's decision in Schuster:

> This bill confirms that Chapter 7 is the exclusive and sole remedy for employment discrimination claims, requiring initial processing of all such claims with the Department of Labor for review and action. This bill effectively re-establishes the exclusive remedy put in question by the decision in Schuster v. Derocili, 775 A. 2d 1029 (2001).

Delaware Bill Summary, 2004 Reg. Sess. S.B. 154. Moreover, when the bill is read in light of the sponsor statement, which "confirms" and "re-establishes" the pre-existing rule "put in question by" Schuster, it is clear that the 2004 Amendment is meant to be retroactive. Thus Stepler has not asserted a recognized public interest, and Avecia's actions do not fit into the first category.

Nor do they fit into the fourth category: falsification or manipulation of employment records to create fictitious grounds for termination. Even if we assume that Stepler was subjected to false criticisms of her work performance and false claims that she was using work time to study, there is no evidence that these particular criticisms and claims were the grounds for Stepler's termination. And even if we assume that Avecia falsely claimed that Stepler was fired for behavioral and performance issues, this is not the kind of falsehood specified in the fourth category, which provides that an employer violates the covenant of good faith and fair dealing when it "falsifie[s] or manipulate[s] employment records to create fictitious grounds for termination." Lord, 748 A.2d at 400. If the employer did not actually falsify or manipulate employment records, then it does

not matter if the employer gave a false rationale for termination.  See Williams v. Caruso, 966 F. Supp. 287, 291 (D. Del. 1997) ("Nothing in Pressman suggests an employer who gives an employee a false reason for termination is subject to liability under the implied covenant of good faith and fair dealing.  Pressman only held culpable the manufacture of grounds for dismissal, not the statement of a false reason for dismissal.") (emphasis in original); see also Geddis v. University of Delaware, 40 Fed. Appx. 650, 654 (3d Cir. 2002) (unpublished) (noting that the employee did not claim his supervisor "intentionally created 'fictitious negative information' about him in order to get him fired" and thus the conduct at issue did not fit the fourth Pressman category) (quoting Schuster, 775 A.2d at 1040).

IV.

Under Delaware law, the general rule is that the worker's compensation administrative process is the exclusive remedy for an employee who suffers a work-related accident causing personal injury or death.  See 19 Del. Code Ann. § 2304 (2005).  However, the Delaware Supreme Court has held that "claims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims."  Rafferty v. Hartman Walsh Painting Co., 760 A.2d 157, 159 (Del. 2000) (emphasis added); see also Showell v. Langston, No. Civ. A. 02C-01-016, 2003 WL 1387142, at *3 (Del. Super. Mar. 05, 2003) (citing Rafferty).  Thus, "for a complaint to survive a motion to dismiss, there must be more than a mere allegation that there was an intentional injury; there must be facts

alleged which, if true, show deliberate intent to bring about an injury." <u>Rafferty</u>, 760 A.2d at 160. In other words, an employee must allege facts that, if true, would show that the employer intended to injure her. It would not be enough to allege facts showing that the employer intended to do an action and that the worker was injured as a result of that action. Specific intent is required.

Stepler cites <u>Rafferty</u> and argues that her claim for intentional infliction of emotional distress is not barred. In a Memorandum Order of April 28, 2004, the District Court rejected Stepler's argument. We agree with the District Court's analysis.

We therefore affirm the District Court's order of summary judgment in favor of Avecia on Stepler's claims under Delaware law, but we reverse the District Court's order granting summary judgment in favor of Avecia on Stepler's retaliation claim, and we remand the case for further proceedings.