# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RAUL SEGURA and ELENA FLORES )
husband and wife, )
      Plaintiffs, )
       )
       )
    v. )      C.A. No. N18C-01-249 ALR
       )
M CUBED TECHNOLOGIES, INC.; )
II-VI INCORPORATED; )
QUANTUM CONTROLS, INC.; )
TOSHIBA AMERICA, INC.; )
OLD FORGE ASSOCIATES, L.P.; )
WESTINGHOUSE ELECTRIC CORP.; )
CBS CORPORATION; and )
EATON CORPORATION, )
      Defendants. )

Submitted: January 23, 2019
Decided: April 4, 2019

*Upon Defendants' M Cubed Technologies, Inc. and II-VI Incorporated*
*Motion to Dismiss*
**GRANTED IN PART AND DENIED IN PART**

Michael P. Minuti, Esq., McCann & Wall, LLC, Wilmington, Delaware, Attorney for Plaintiffs Raul Segura and Elena Flores.

Amy M. Taylor, Esq., Heckler & Frabizzio, Wilmington, Delaware, Attorney for Defendants M Cube Technologies, Inc. and II-VI Incorporated.

Sarah B. Cole, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware, Attorney for Defendant Quantum Controls, Inc.

Barnaby Grzaslewicz, Esq., Morris, Nichols, Arsht, & Tunnell LLP, Wilmington, Delaware, Attorney for Defendants Westinghouse Electric Corporation, CBS Corporation, and Eaton Corporation.

Cynthia G. Beam, Esq., Reger, Rizzo, & Darnall LLP, Wilmington, Delaware, Attorney for Defendant Old Forge Associates, L.P.

**Rocanelli, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

On Monday, June 27, 2016, while in the course and scope of his employment with M Cubed Technologies, Inc., Plaintiff Raul Segura ("Employee") was injured when a transformer switchbox located within the industrial manufacturing facility exploded ("Work Accident"). In connection with this Work Accident, Employee received workers' compensation benefits. Plaintiffs Raul Segura and Elena Flores ("Plaintiffs") brought this action alleging negligent and/or intentional conduct by various defendants, including M Cubed Technologies, Inc. and its parent company, II-VI Incorporated ("Employers"). The record does not allege any independent basis of liability for II-VI Incorporated.

Employers move to dismiss Counts 1, 2, 3, 6, and 12 of the Complaint for failure to state a claim upon which relief can be granted, contending that Plaintiffs' sole remedy with respect to Employers is the receipt of workers' compensation benefits. Employers also assert that Plaintiffs have failed to state a claim upon which relief can be granted with respect to Count 8, as spoliation is not a legally cognizable cause of action in Delaware.

Plaintiffs and Co-Defendant Quantum Controls, Inc. ("Quantum") oppose the Motion to Dismiss. All other defendants either have taken no position or have not opposed the motion. The Court heard oral argument on January 23, 2019. This is the Court's decision on Employers' Motion to Dismiss.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Superior Court Rule of Civil Procedure 12(b)(6), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[1] Factual allegations, even if vague, are well pleaded if they provide notice of the claim to the other party.[2] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

## DISCUSSION

### I. Employees are Precluded by the Workers' Compensation Exclusivity Doctrine from Bringing Negligence Claims Against Employers.

It is well established that an employer who provides worker's compensation to its employees cannot be sued for negligence.[4] The workers' compensation exclusivity doctrine provides that workers' compensation benefits constitute the exclusive remedy for personal injury "by accident arising out of and in the course of employment." (This principle is referenced herein as "Workers' Compensation

---

[1] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[2] *Spence*, 396 A.2d at 968.

[3] *Id.*

[4] *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159 (Del. 2000); *Kofron v. Amoco Chemicals Corp.*, 441 A.2d 226, 231 (Del. 1982).

2

Exclusivity Doctrine.")[5] Accordingly, lawsuits by employees against employers for work-related injuries based on any degree of negligence, from slight to gross, are precluded.[6] In addition to precluding employees from suing their employers, the Workers' Compensation Exclusivity Doctrine also prohibits lawsuits by employees against employers for injuries resulting from the negligence of fellow employees.[7] Similarly, "[o]ne is immune from suit as a co-employee, when employed by the same employer and acting within the course of employment at the time of the injury."[8] Generally, an employee acts within the course of employment when the act is in furtherance of the employer's business.[9]

Plaintiffs assert that the Work Accident was caused by Employers' negligence. Additionally, Plaintiffs impute negligence of the employees, contractors, specialists, and other individuals acting within the course and scope of their employment by Employers. Given the requirements of Rule 12(b)(6), and in consideration of the decisional law on the Workers' Compensation Exclusivity Doctrine, all negligence claims must be dismissed. Workers' Compensation is Plaintiffs' sole remedy against Employers for all allegations of negligence,

---

[5] 19 *Del. C.* § 2304.

[6] *Rafferty*, 760 A.2d at 159; *Kofron*, 441 A.2d at 231.

[7] *Showell v. Langston*, 2003 WL 1387142, at *3 (Del. Super. Mar. 5, 2003) (citing *Rock v. Del. Elec. Coop.*, 328 A.2d 449, 452 (Del. Super. 1974)).

[8] *Id.*

[9] *Id.*

regardless of the degree or basis of the duty allegedly breached. Therefore, Counts 1 and 6 of the Complaint must be dismissed as to Employers, and Counts 2 and 3 must be dismissed entirely.

## II. Employee Claims based on an Intentional Act Are Not Precluded by the Workers' Compensation Exclusivity Doctrine.

Delaware has recognized an exception to the Workers' Compensation Exclusivity Doctrine for acts that involve intent by the employer to injure the employee.[10] An intentional act by an employer which results in injury of an employee is not an "accident" and is therefore not barred. For an allegation of intentional tortious conduct to survive a motion to dismiss, the employee must allege specific facts which, if true, show a deliberate intent to bring about an injury.[11]

Plaintiffs make several specific allegations in support of an intentional tort claim, including that Employers had knowledge that the switchbox was not functioning properly and that Employers deliberately put Employee at risk of injury. Plaintiffs represent that further discovery will assist to support this claim of intentional tortious conduct. Accepting all well-pleaded allegations as true and making all reasonable inferences in Plaintiffs' favor, the intentional tort claim is not barred by the Workers' Compensation Exclusivity Doctrine. Therefore, Count 12 of the Complaint must not be dismissed at this time.

---

[10] *Rafferty*, 760 A.2d at 159.
[11] *Id.* at 160-161.

4

### III. Spoliation is Not a Separate and Distinct Cause of Action.

The Delaware Supreme Court recognizes "the general rule that where a litigant intentionally suppresses or destroys pertinent evidence, an inference arises that such evidence would be unfavorable to his case."[12] However, a separate cause of action for negligent or intentional spoliation is not recognized.[13] Accordingly, while an adverse inference may be drawn against a person who intentionally or recklessly destroyed, spoiled, or lost evidence, this remedy relates to evidentiary exclusions and does not constitute a cause of action.[14] Therefore, Count 8 must be dismissed in its entirety for Plaintiffs' failure to state a claim upon which relief can be granted.[15]

### CONCLUSION

Counts 1, 2, 3, and 6 assert negligence claims against an employer which are barred by the Workers' Compensation Exclusivity Doctrine. Counts 1 and 6 are dismissed as to Employers pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Counts 2 and 3 are dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Count 8 is dismissed

---

[12] *Collins v. Throckmorton*, 425 A.2d 146, 150 (Del. 1980).

[13] *See Lucas v. Christiana Skating Center, Ltd.*, 722 A.2d 1247 (Del. 1998).

[14] *See Sears, Roebuck & Co. v. Midcap*, 893 A.2d 542 (Del. 2006).

[15] Because there is no basis in law for a cause of action claiming damages for spoliation, the entire claim is dismissed, even as to the other defendants. Consistent with Superior Court Civil Rule 1, dismissal is appropriate to secure the just, speedy, and inexpensive determination of the issue.

pursuant to Rule 12(b)(6) because it is not a cause of action recognized by Delaware law. Employers' motion to dismiss with regard to Count 12, Plaintiffs' intentional tort claim, is denied without prejudice.

**NOW, THEREFORE, this 4th day of April, 2019, Defendants' M Cubed Technologies, Inc. and II-VI Incorporated Motion to Dismiss is hereby GRANTED IN PART AND DENIED IN PART. Counts 1 and 6 are dismissed as to Defendants M Cubed Technologies, Inc. and II-VI Incorporated. Counts 2, 3, and 8 are dismissed. As to Count 12, the Motion to Dismiss is denied without prejudice.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

6