**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JAMES E. MCGUCKIN　　　　　　)
and AMANDA MCGUCKIN,　　　　)
　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
PBF ENERGY, INC., PBF ENERGY　)
COMPANY, INC., DELAWARE CITY　)
REFINING COMPANY, LLC, PETER　)　　C.A. No. N25C-01-392 CLS
D. FURNESS ELECTRIC　　　　　)
COMPANY, INC., ABB, LTD D/B/A　)
ABB, Inc., ROCKWELL　　　　　　)
AUTOMATION, INC.,　　　　　　)
MCNAUGHTON-MCKAY　　　　　)
ELECTRIC COMPANY, and MPW　　)
INDUSTRIAL WATER SERVICES,　　)
INC.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

Submitted: May 30, 2025
Decided: August 5, 2025

**OPINION AND ORDER**

*Upon Consideration of Defendant MPW Industrial Water Services, Inc.'s Motion to Dismiss,*
**GRANTED in part, DENIED in part**.

Christian G. Heesters, Esquire of SCHUSTER JACHETTI, LLP, *Attorney for Plaintiffs*.

Louis J. Rizzo, Jr., Esquire of REGER RIZZO & DARNALL, LLP, *Attorney for Defendant MPW Industrial Water Services, Inc*.

**SCOTT, J.**

This action arises from an explosion at an oil refinery. An employee and his wife brought tort claims against numerous defendants, including his employer. His employer now moves for dismissal for lack of subject matter jurisdiction. For the reasons below, that motion is **GRANTED in part** and **DENIED in part.**

### Factual Background and Procedural History[1]

#### A. THE PARTIES

Plaintiffs James E. McGuckin, II ("Mr. McGuckin") and Amanda McGuckin, are spouses residing in Delaware.[2]

Defendant MPW Industrial Water Services, Inc. ("MPW") is a Delaware corporation.[3]

Mr. McGuckin was an employee of MPW.[4]

#### B. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2023, Mr. McGuckin was working at the oil refinery located at 4550 Wrangle Hill Road, Delaware City, Delaware.[5] An MPW manager allegedly instructed him to manually reset a circuit breaker of a Reverse Osmosis ("RO")

---

[1] All facts are drawn from the allegations in the Complaint and are assumed to be true for the purposes of this Motion to Dismiss. *See* D.I. 1, Complaint ("Compl.").

[2] *Id.* ¶ 1.

[3] *Id.* ¶ 9.

[4] *Id.* ¶ 30.

[5] *Id.* ¶¶ 10, 30.

machine located in a trailer.[6]  The RO machine carries a Variable Frequency Drive ("VFD") which "controls the speed and torque of an electric motor by varying the frequency and voltage of its power supply."[7]  After entering the trailer and opening the door to the circuit breaker panel for RO machine number 341, an electrical explosion occurred, resulting in injuries to Mr. McGuckin.[8]

Two years later, on January 23, 2025, Plaintiffs brought this action against multiple defendants, including MPW.[9]  MPW now moves to dismiss all claims against it.[10]  Plaintiffs oppose.[11]  Both parties submitted their relevant pleadings,[12] and the matter is ripe for decision.

## STANDARD OF REVIEW

Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a

---

[6] *Id.* ¶¶ 33–34.

[7] Compl. ¶ 14.

[8] *Id.* ¶¶ 33–34. *See also* Defendant MPW Industrial Water Services, Inc.'s Motion to Dismiss at 3, D.I. 22 ("MTD").

[9] *See generally* Compl.

[10] *See* MTD.

[11] *See generally* Plaintiffs' Response to Defendant MPW Industrial Water Services, Inc.'s Motion to Dismiss, D.I. 41 ("Resp. to MTD").

[12] *See generally* MTD; Resp. to MTD.

case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[13] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[14] But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from its pleading."[15]

## DISCUSSION

The Complaint is messy. Of the six counts in the Complaint, Count I, II, IV, V, and VI name MPW as a defendant but commingles several *mens rea*: negligence, recklessness, intentional tortious conduct, strict products liability, and loss of consortium.[16] MPW seeks dismissal of all the claims against it because the Industrial Accident Board ("IAB") has "exclusive original jurisdiction over all claims of employees for work related injuries . . . ."[17] Alternatively, MPW seeks dismissal of Counts V and VI because there is no remedy outside the UCC for strict liability cases, and the exclusive remedy provision of the Worker's Compensation Law bars

---

[13] *See ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[14] *Id.* (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[15] *TrueBlue, Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotation omitted).

[16] *See* Compl. at 8–19.

[17] MTD at 3–7.

the employee's spouse from bringing a claim when it derives from the employee's claim.[18] For clarity, the Court addresses Count V first, and the rest together.

## A. COUNT V IS DISMISSED.

For Count V, the Complaint states that "Plaintiff is entitled to damages from Defendants based on the doctrine of strict liability in tort."[19] MPW argues Count V should be dismissed because "Delaware does not recognize strict products liability actions for the sale of goods."[20] The Court agrees. "In Delaware the 'remedies for a sale of products in products liability cases are confined to sales warranty law, with no remedy outside the UCC.'"[21] Thus, Count V is **DISMISSED**.

## B. THE REMAINING COUNTS MUST BE FURTHER PARSED.

The Delaware Worker's Compensation Act provides "compensation benefits to employees who suffer personal injuries arising out of and in the course of their employment and it is the 'exclusive remedy available to an employee to secure compensation from an employer for work-related injuries.'"[22] "[L]awsuits by

---

[18] *Id.* at 7–9.

[19] Compl. ¶ 72.

[20] MTD at 8.

[21] *Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 124 (Del. Super. Ct. 2014) (citing *White v. APP Pharm., LLC,* 2011 WL 2176151, at *2 (Del. Super. Apr. 7, 2011)).

[22] *Ingino-Cacchioli v. Infinity Consulting Sols, Inc.*, 2021 WL 3702442, at *1 (Del. Super. Aug. 19, 2021) (citing *Grabowski v. Mangier*, 2007 WL 121845, at *2 (Del. Super. Jan. 17, 2007); 19 *Del. C.* § 2304); *see also Segura v. M Cubed Techs., Inc.*, 2019 WL 1504048, at *1 (Del.

employees against employers for work-related injuries based on any degree of negligence, from slight to gross, are precluded."[23] And "Workers' Compensation is Plaintiffs' sole remedy against Employers for all allegations of negligence, regardless of the degree or basis of the duty allegedly breached."[24] The IAB may "hear all cases arising under the [Delaware Worker's Compensation Act] and any dispute over work-related injuries must be heard in the first instance by the IAB."[25]

Delaware law recognizes "an exception to the Workers' Compensation Exclusivity Doctrine for acts that involve intent by the employer to injure the employee."[26] "An intentional act by an employer which results in injury of an employee is not an 'accident' and is therefore not barred."[27] The employee must allege specific facts which "show a deliberate intent to bring about an injury" to survive dismissal of an intentional tort claim.[28]

---

Super. Apr. 4, 2019) ("This principle is referenced herein as 'Workers' Compensation Exclusivity Doctrine.'").

[23] *Segura*, 2019 WL 1504048, at *1.

[24] *Id.* at *2.

[25] *Ingino-Cacchioli*, 2021 WL 3702442, at *1 (citing *Jeanbaptiste v. Clarios, LLC*, 2020 WL 2375047, at *3 (Del. Super. May 11, 2020); 29 *Del. C.* § 8511).

[26] *Segura*, 2019 WL 1504048, at *2 (citing *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159 (Del. 2000)).

[27] *Id.*

[28] *Id.* (citing *Rafferty*, 760 A.2d at 160–61).

Both parties cite to *Segura*, which provides guidance.[29] There, the employee plaintiff was injured in a work accident when a transformer switchbox exploded.[30] After receiving workers' compensation benefits, the employee plaintiff and his wife sought further relief in Superior Court "alleging negligent and/or intentional conduct by various defendants," including the employer defendant.[31] The employer defendant then moved for dismissal.[32] The court reasoned that the "Workers' Compensation Exclusivity Doctrine" bars suits by employees against employers for work-related injuries based on negligence.[33] On the other hand, the Court found the plaintiffs made specific allegations supporting their intentional tort claim, including that the employer deliberately put the employee at risk of injury because they knew "the switchbox was not functioning properly" before the accident.[34] "Plaintiffs represent that further discovery will assist to support this claim of intentional tortious conduct."[35] The court dismissed the negligence claims but allowed the intentional tort claim to proceed.[36]

---

[29] MTD at 5; Resp. to MTD at 5–7.

[30] *Segura*, 2019 WL 1504048, at *1.

[31] *Id.*

[32] *Id.*

[33] *Id.* at *1–2.

[34] *Id.* at 2.

[35] *Id.*

[36] *Segura*, 2019 WL 1504048, at *2.

Here, MPW argues that Plaintiffs have merely repackaged negligence allegations with intentional conduct labels.[37] Not so. As stated, of the six claims in the Complaint, five name MPW as a defendant.[38] As to the intentional tortious conduct, the Complaint alleges MPW (1) knew or should have known the RO machines lacked necessary transformers to operate safely;[39] (2) knew or should have known RO 341's VFD was overheating with increasing frequency, triggering alarms multiple times per week;[40] (3) responded to these alarms by repeatedly raising the temperature threshold;[41] (4) knew or should have known this practice created danger to employees;[42] and (5) deliberately concealed these dangers by ordering Mr. McGuckin to manually reset the overheating equipment on January 24, 2023.[43] Yes, Plaintiffs' negligence and recklessness claims are barred by the Workers' Compensation Exclusivity Doctrine, but the intentional tort claims are not. At this stage, accepting Plaintiff's allegations as true and drawing reasonable inferences in their favor, the Court finds Plaintiffs pled adequate facts supporting their intentional tort claims.

---

[37] MTD at 6–7.

[38] *See* Compl. at 8–19.

[39] *Id.* ¶ 20.

[40] *Id.* ¶¶ 23–25.

[41] *Id.* ¶ 26.

[42] *Id.* ¶ 28.

[43] *Id.* ¶¶ 50–55.

While a more artful pleading would have allowed the Court to segment the claims—those required to be filed with the IAB first from those not—Plaintiffs' untitled claims incorporating multiple causes of actions prevents the Court from doing so.[44]  At this stage, the Court does not "piecemeal dismissals of parts of claims."[45]  Thus, any claim against MPW as to negligence is dismissed.  But any claim against MPW as to intentional torts may proceed.

## CONCLUSION

For the foregoing reasons, Count V is **DISMISSED**.

**IT IS SO ORDERED.**

<u>*/s/ Calvin Scott*</u>
Judge Calvin L. Scott, Jr.

---

[44] For example, Count I of the Complaint states that "Plaintiff's employer, defendant MPW, recklessly and intentionally failed to provide a safe work environment for Plaintiff."  Compl. ¶ 44. But Count I also states that the "injuries sustained by Plaintiff as a direct and proximate result of this incident were caused by the negligent, reckless, and/or intentional conduct of Defendants[.] . . .").  *Id.* ¶ 45.  Notably, Count VI of the Complaint appears to include a loss of consortium claim on behalf of Ms. McGuckin.  *See id.* ¶ 78.  That claim derives from the same workplace incident. Yet it is unclear whether the loss of consortium derives from the negligence or intentional tort claims.

[45] "The Court agrees with the reasoning set out in *inVentiv*—Civil Rule 12(b)(6) does not permit piecemeal dismissals of parts of a claim."  *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *7 (Del. Super. Dec. 8, 2023); *see also inVentiv Health Clinical, LLC v. Odonate Therapeutics, Inc.*, 2021 WL 252823, at *6 (Del. Super. Jan. 26, 2021).