THOMAS WELLS, Special Adm'r of the Estate of William D. Wells, Deceased, Plaintiff-Appellant, v. I F R ENGINEERING COMPANY, Defendant-Appellee.

First District (4th Division)   No. 1—92—0651

Opinion filed May 13, 1993.—Rehearing denied June 9, 1993.

Corboy & Demetrio, of Chicago (Philip H. Corboy, Thomas A. Demetrio, and Robert J. Bingle, of counsel), for appellant.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa (Michael T. Reagan, of counsel), for appellee.

JUSTICE CAHILL delivered the opinion of the court:

The special administrator of the estate of William D. Wells filed a common law action against defendant IFR Engineering Company, seeking damages for the wrongful death of William D. Wells. The circuit court granted defendant's motion to dismiss (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) on the grounds that the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)) provided the exclusive remedy for injuries or death arising out of and in the course of employment, and so barred a common law action for wrongful death. The court held that plaintiff failed to allege an intentional tort—an exception to the exclusive remedy doctrine—because he did not plead that defendant acted with specific intent to injure decedent. Specific intent is the standard adopted by the court in *Copass v. Illi-*

*nois Power Co.* (1991), 211 Ill. App. 3d 205, 569 N.E.2d 1211. On appeal plaintiff contends that his complaint alleged sufficient facts for an intentional tort at common law and that we should reject the standard set in *Copass*. We affirm.

Decedent worked for defendant as an inspector, testing for cracks in tank welds. The work involved the use of chemicals which emitted highly toxic fumes. In June 1990 defendant assigned decedent to inspect tanks at Cargo Tank Services in Stickney, Illinois. Decedent used the chemicals to test for cracks. He died as a result of inhaling the fumes.

Plaintiff alleged in paragraph 12 of his complaint that defendant was guilty of the following intentional acts:

"a) failed to educate [decedent] about the hazardousness of the chemicals \*\*\*;

b) failed to warn [decedent] about the dangerous characteristics of the chemicals \*\*\*;

c) failed to educate [decedent] how to avoid being injured from using the chemicals;

d) failed to train [decedent] on how to safely use the chemicals in a closed and unventilated area; and

e) failed to provide [decedent] with a self-contained breathing apparatus for the Cargo Tank assignment."

Plaintiff alleged in the next paragraph that defendant knew his acts as set forth in paragraph 12 created a *"strong probability"* (emphasis added) of death or great bodily harm.

Plaintiff contends on appeal, however, that the alleged facts show defendant knew with *"substantial certainty"* (emphasis added) that his acts would cause injury and urges us to move away from *Copass* and adopt a substantial certainty standard for pleading an intentional tort in a case otherwise confined to a remedy under the Workers' Compensation Act.

Defendant relies on *Copass* and further argues that plaintiff's complaint alleges nothing about substantial certainty but only that defendant acted with a *"strong probability"* (emphasis added) of causing injury to the decedent.

■ We agree with defendant's reading of the complaint that plaintiff alleged only that defendant acted with a strong probability of causing injury and find that the complaint fails to plead an intentional tort, even under the standard he asks us to adopt on appeal. Plaintiff's allegation that the employer acted with a strong probability does not rise to the level of knowing with a substantial certainty that decedent would be injured. The Restatement (Second) of Torts addresses

the strong probability standard in relation to intentional torts. Comment *f*, following the Restatement, provides:

"Reckless misconduct differs from intentional wrongdoing \*\*\*. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes \*\*\* that there is a strong probability that harm may result \*\*\*. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results." Restatement (Second) of Torts §500, Comment *f*, (1965).

■ For conduct to be intentional, a person must commit the act and he must also intend to produce the harm. But if a person commits an act and only realizes there is a strong probability that harm might result, his conduct is merely reckless.

■ Illinois courts have refused to extend the common law liability of an employer to include accidental injuries resulting from the reckless negligence of the employer. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198 (employer must have directed, encouraged, or committed the intentional torts alleged to escape the exclusive remedy provision of the Act); *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 354 N.E.2d 553 (action for wilful and wanton misconduct is an action at common law and barred by the exclusive remedy of the Act); *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011 (allegations that defendant intended to kill plaintiffs and that defendant's conscious purpose was that asbestos would become trapped in the lungs of plaintiffs were sufficient to allege that the employer committed an intentional tort which would fall outside the exclusive remedy provision of the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1981, ch. 48, pars. 172.40, 172.46)).

■ Plaintiff is bound by the allegations in his complaint. The facts as pleaded fail to show an intentional tort by defendant to cause injury to decedent; plaintiff alleged only that defendant knew with a *"strong probability"* (emphasis added) that injury would occur. Therefore, the Workers' Compensation Act provides the exclusive remedy and the trial court appropriately granted defendant's motion to dismiss the action.

We do not resolve plaintiff's argument that we impose a less stringent standard for the "intent" requirement of a workers' compensation intentional tort than that established in *Copass*. The issue is not before this court. In *Copass* the plaintiff alleged the employer acted

with substantial certainty of causing injury, and the court held that an allegation of specific intent was required. *Copass*, 211 Ill. App. 3d 205, 569 N.E.2d 1211.

In this case plaintiff did not allege that the employer acted with substantial certainty. We have held that plaintiff's allegation that the employer acted with a strong probability does not rise to the level of knowing with substantial certainty that decedent would be injured and that plaintiff's allegation falls short of an intentional tort whether the substantial certainty or specific intent standard is applied.

The decision of the trial court is affirmed.

Affirmed.

JIGANTI, P.J., and HOFFMAN, J., concur.