ROBERT MAYFIELD *et al.*, Plaintiffs-Appellants, v. ACME BARREL COMPANY, Defendant-Appellee (Alcan-Toyo America, Inc., *et al.*, Defendants).

First District (4th Division)   No. 1—93—0732

Opinion filed February 3, 1994.

Wahler, Pecyna & Fleming, of Chicago (Dennis M. Fleming, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (Peter F. Higgins, Hugh C. Griffin, and Stephen A. DiTullio, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Robert and Hattie Mayfield, appeal from an order which dismissed numerous counts of their second-amended complaint

with prejudice based on the exclusive remedy of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)).

Robert Mayfield was injured on July 23, 1990, when a steel drum he was loading into an incinerator at his place of employment exploded. At the time of his injury, he was employed by ACME Barrel Company (ACME), which reconditions used steel drums and barrels. In counts XIII through XXII of their second-amended complaint, the plaintiffs sought recovery against ACME on a variety of theories including negligence, spoliation of evidence, intentional misconduct, and loss of consortium.

ACME moved to dismiss all of the counts pending against it pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), relying upon the exclusive remedy provision of the Workers' Compensation Act. Additionally, ACME argued that Illinois does not recognize a cause of action for the spoliation of evidence. The trial court granted ACME's motion on the exclusive remedy argument and dismissed counts XIII through XXII of the plaintiffs' second-amended complaint and included the requisite findings under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) in its order of dismissal. This appeal followed.

OPINION

Section 2—619 affords a defendant an expeditious means to obtain a summary disposition of an action based upon an affirmative bar to the plaintiff's right to recovery. (*Kontos v. Boudros* (1993), 241 Ill. App. 3d 198, 608 N.E.2d 573.) In ruling upon a motion brought pursuant to that section, a court must accept as true all well-pled facts in the complaint under attack (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256), and draw all inferences from those facts which are favorable to the plaintiff (*Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 497 N.E.2d 348). However, conclusions of fact or law in the complaint which are not supported by specific factual allegations are not taken as true and are not considered by the court in ruling on the motion. (*Bell Fuels, Inc. v. Lockheed Electronics Co.* (1985), 130 Ill. App. 3d 940, 474 N.E.2d 1312.) Such a motion should only be granted in those cases where there are no material facts in dispute and the defendant is entitled to be dismissed as a matter of law.

We first address whether it was proper to dismiss counts XIII, XIV, XXI, and XXII of the plaintiff's second-amended complaint.

In count XIII, Robert Mayfield sought recovery from ACME upon the theory that ACME's unlicensed, unauthorized, and negligent operation of a hazardous waste disposal site proximately caused his

injuries. In count XXI, he sought recovery from ACME on the theory that in its unauthorized and unlicensed operation of a hazardous waste disposal site, ACME proximately caused his injuries by intentionally failing to warn him that he would be handling hazardous waste, failing to train him in the procedures for disposing of such materials, accepting barrels for disposal without proper certification, and failing to comply with certain directions on the barrels that were accepted. Counts XIV and XXII sought recovery in favor of Hattie Mayfield for loss of consortium and their charging allegations mirror the allegations of counts XIII and XXI, respectively.

■ The Workers' Compensation Act provides an exclusive statutory scheme which obligates employers to compensate their employees for accidental injuries sustained out of and in the course of their employment. (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) The Act provides a remedy to an injured employee without regard to fault on the part of the employer, but the remedy provided is exclusive and in lieu of all common law actions against the employer for damages. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 564 N.E.2d 1222.) Section 5(a) of the Act provides in pertinent part as follows:

> "(a) No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, *** or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1991, ch. 48, par. 138.5(a).)

In addition to barring actions for damages by the employee against his employer, the exclusivity provision of the Act precludes actions by a spouse for loss of consortium. (*Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 451 N.E.2d 870.) To escape the exclusive remedy against an employer as provided by the Act, an employee must establish that his injury was not accidental, did not arise from his employment, was not received during the course of his employment, or was not compensable under the Act. *Meerbrey*, 139 Ill. 2d at 463.

Whether an injury is accidental for the purposes of applying the Act is dependent upon the object of the employer's intention. It is only when the employer acts with a specific intent to injure the employee that the resultant injury is stripped of its accidental character. (*Wells v. IFR Engineering Co.* (1993), 247 Ill. App. 3d 43, 617 N.E.2d 204; *Copass v. Illinois Power Co.* (1991), 211 Ill. App. 3d 205, 569 N.E.2d 1211.) This concept is often explained by reference to Professor Larson's treatise wherein he stated:

"Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, *** this still falls short of the kind of actual intention to injure that robs the injury of accidental character." 2A A. Larson, Workmen's Compensation Law § 68.13, at 13-36 to 13-44 (1990).

The plaintiffs do not allege in their second-amended complaint that ACME acted with any specific intent to injure Robert Mayfield. To be sure, counts XXI and XXII allege that ACME acted intentionally in the manner in which it operated its waste disposal site, but the plaintiffs do not allege that in so acting ACME had the specific intent to injure Robert Mayfield. Additionally, the facts of this case as pled in the complaint establish that at the time of his injury Robert Mayfield was employed by ACME, he was at his place of employment, he came into contact with the barrel that exploded in connection with his duties for ACME, and when the barrel exploded he suffered burns to his body. The facts as alleged by the plaintiffs establish that Robert Mayfield's injuries were accidental (*Wells*, 247 Ill. App. 3d 43, 617 N.E.2d 204), they were of a type which are compensable under the Act, and they arose both out of and in the course of his employment for ACME (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198). Despite the fact that their complaint contains no allegations of fact against ACME which, if true, would remove Robert Mayfield's injury from the scope of the Act, the plaintiffs argue that the exclusivity provision of the Act is inapplicable by reason of the dual capacity doctrine. We disagree.

■ We find no need to again trace the evolution of the dual capacity doctrine from its first application in Illinois in the case of *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512, to the most recent pronouncement on the subject by our supreme court in *Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 447 N.E.2d 786, as we undertook in *Hyman v. Sipi Metals Corp.* (1987), 156 Ill. App. 3d 207, 509 N.E.2d 516. It is sufficient to say that the application of the doctrine rests upon a two-part test requiring (1) a second capacity of the employer which generates obligations unrelated to those flowing from its status as an employer, and (2) a distinct separate legal persona. *Hyman*, 156 Ill. App. 3d at 212.

■ The fact that the plaintiffs refer to ACME in its operation of a waste disposal site as a separate persona from its drum and barrel operation is irrelevant to the inquiry at hand. Robert Mayfield was injured while in the employ of ACME and the plaintiffs do not allege

that some legal entity other than ACME operated either the drum and barrel operations or the waste disposal site. Because the plaintiffs' allegations are directed against only a single legal entity, ACME, as Robert Mayfield's employer, the second prong of the test is not satisfied and the dual capacity doctrine has no application to the facts as pled in counts XIII, XIV, XXI, and XXII of the plaintiffs' complaint. (*Sharp*, 95 Ill. 2d 322, 447 N.E.2d 786; *Hyman*, 156 Ill. App. 3d 207, 509 N.E.2d 516.) Accordingly, we hold that counts XIII, XIV, XXI, and XXII of the plaintiffs' second-amended complaint are barred as a matter of law because of the exclusive remedy provision of the Act. Having so found, we need not address the issues raised by the parties as to whether Robert Mayfield's filing for relief before the Industrial Commission and his acceptance of temporary total disability payments under the Act operate as a bar to recovery under these counts.

Next, we address the trial court's order of dismissal as it relates to counts XV through XX. Each of these counts attempts to state a cause of action against ACME for spoliation of evidence and, as earlier indicated, they were also dismissed with prejudice pursuant to a section 2—619 motion because of the exclusive remedy provision of the Act.

In urging reversal, the plaintiffs argue that because these counts seek recovery for ACME's destruction of evidence and not for the injuries sustained by Robert Mayfield in the explosion, the claims pled and the damages sought do not fall within the scope of the Act. ACME argues that the dismissal should be affirmed because the claims presented in these counts fall within the scope of the Act and its exclusive remedy provision. It also contends that the counts are premature because the plaintiffs' common law actions against the other defendants are still pending. The plaintiffs respond that ACME waived the argument that the claims were premature because it never presented the argument to the trial court.

■ Issues not raised by appellants in their briefs are generally considered waived (134 Ill. 2d R. 341(e)(7)), but appellees may urge any point in support of the judgment on appeal that is supported by the record (*Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 246 N.E.2d 285), without regard to whether the point was raised before the trial court (*Furgatch v. Butler* (1988), 188 Ill. App. 3d 1060, 545 N.E.2d 140). Additionally, the waiver doctrine is an admonition to the parties and not a limitation upon the power of a reviewing court to address issues of law as the case may require. (*Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 443 N.E.2d 563.) In this case, the issue of whether the plaintiffs' spoliation claims are premature is one of law

resting upon facts apparent from an examination of the plaintiffs' complaint; also, we have afforded the plaintiffs the opportunity to file an amendment to their reply brief so that they might fully address this issue. (See *Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831.) For these reasons, we will address ACME's argument that the plaintiffs' claims based upon the theory of spoliation of evidence are premature.

■ Our supreme court recognized an implied statutory cause of action for spoliation of evidence under the X-Ray Retention Act (Ill. Rev. Stat. 1987, ch. 111½, par. 157—11), with its decision in *Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302, 597 N.E.2d 616. However, the issue of whether Illinois will recognize a common law tort for spoliation has yet to be resolved. (*Petrik v. Monarch Printing Corp.* (1986), 150 Ill. App. 3d 248, 501 N.E.2d 1312.) The cases which have addressed the issue are unanimous in their holding that an indispensable prerequisite to the maintenance of such an action, if it does exist, is a showing of an actual injury proximately caused by the loss or destruction of the evidence in question. (See, *e.g.*, *Petrik*, 150 Ill. App. 3d 248, 501 N.E.2d 1312; *Fox v. Cohen* (1980), 84 Ill. App. 3d 744, 406 N.E.2d 178.) The threat of some future harm that has not yet been realized is insufficient to satisfy this element of the claim and, as such, no action for spoliation can be brought until after the underlying claim which is dependent upon the missing evidence is lost. (*Petrik*, 150 Ill. App. 3d 248, 501 N.E.2d 1312; *Fox*, 84 Ill. App. 3d 744, 406 N.E.2d 178.) It is also noteworthy that the spoliation claim in *Rodgers*, which was based on a statute, was not filed until after a jury found in favor of one of the defendants in the underlying action. *Rodgers*, 149 Ill. 2d at 306.

■ Each of the plaintiffs' counts XV through XX alleges that they have been injured by ACME's destruction of evidence "in that the opportunity to establish liability against the manufacturer and distributors [of the barrel which exploded causing Robert Mayfield's injuries] has been prejudiced." The plaintiffs do not allege that they have lost any cause of action that they might have against the manufacturer or distributors; they only allege that their opportunity to establish liability has been prejudiced. In fact, counts I through XII of the plaintiffs' second-amended complaint, which remain pending and undetermined, are the plaintiffs' actions against the entities that distributed barrels to ACME and manufactured the substance in the barrel that exploded and injured Robert Mayfield.

Supreme Court Rule 366 recognizes our responsibility as a reviewing court to achieve just results and to maintain a sound and uniform body of precedent. (134 Ill. 2d R. 366; *Hux*, 38 Ill. 2d 223, 230

N.E.2d 831.) In the exercise of that responsibility, we deem it unwise, in a case where the spoliation claims are premature because viable claims against the putative tortfeasors are pending, to decide the issues of whether Illinois should recognize a common law tort for spoliation of evidence and whether the exclusive remedy provision of the Act would bar an injured employee from bringing such an action against his employer. We would hardly contribute to a uniform body of precedent when, in the context of a premature action, we decide issues relating to the existence of a defense to a cause of action before it has been decided whether the cause of action is cognizable.

Based upon the foregoing analysis, we affirm the trial court's decision in dismissing counts XV through XX of the plaintiffs' second-amended complaint, but under the authority of Supreme Court Rule 366(a)(5), we modify that dismissal to reflect that these counts are dismissed because they were brought prematurely and, as such, their dismissal is without prejudice. 134 Ill. 2d R. 366(a)(5); see *Schulte v. Burch* (1986), 151 Ill. App. 3d 332, 502 N.E.2d 856 (trial court's judgment dismissing action was modified on appeal to reflect that action was dismissed without prejudice when appellate court found that the action was premature).

In conclusion, the trial court's order dismissing counts XIII, XIV, XXI, and XXII of the plaintiffs' second-amended complaint is affirmed and the trial court's order dismissing counts XV through XX is affirmed as modified.

Affirmed as modified.

JOHNSON and THEIS, JJ., concur.