FIFTH DIVISION
May 28, 2010

No. 1-09-2384

| | | |
|---|---|---|
| KARON STEWART, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | Cook County. |
| | ) | |
| (Laura A. Holwell, | ) | No. 08 M1 17808 |
| | ) | |
| Appellant,) | ) | The Honorable |
| | ) | Pamela Hill Veal and |
| v. | ) | Martin P. Moltz, |
| | ) | Judges Presiding. |
| DAVID LATHAN, | ) | |
| | ) | |
| Defendant and Counterplaintiff-Appellee. | ) | |

PRESIDING JUSTICE TOOMIN delivered the opinion of the court:

Judges who conduct *ex parte* proceedings without valid notice to the parties act at their peril. Here, we determine that judgment entered on a counterclaim together with sanctions imposed against absent counsel was fatally flawed as lacking the essential requisites of due process.

Plaintiff, Karon Stewart, filed suit against David Lathan for property damage stemming from an automobile accident. Following trial, which was concluded favorably for defendant, plaintiff and counsel learned of a counterclaim filed by Lathan *pro se*. In the wake of that discovery, several orders were entered concerning scheduling and eventual hearing of the counterclaim. Ultimately, judgment was granted to Lathan on the counterclaim and imposing

sanctions on Stewart's attorney, Laura A. Holwell. Stewart now appeals, contending the trial court erred in conducting a hearing on the counterclaim in the absence of notice to herself or counsel[1]. As Lathan has failed to file a responsive brief, pursuant to Supreme Court Rule 343(a) (210 Ill. 2d R. 343(a)), we resolve the matter solely upon the arguments presented by Stewart. See *People ex rel. Director of Corrections v. Booth*, 215 Ill. 2d 416, 422, 830 N.E.2d 569, 572 (2005). For the following reasons, we vacate the judgment and remand for further proceedings.

BACKGROUND

The proceedings below emanate from a subrogation suit filed in the name of Karon Stewart against David Lathan based upon an automobile accident. In response, Lathan filed his *pro se* appearance, along with a counterclaim, alleging *in toto*: "Ms. Stewart was blatantly speeding way over the limit and hit my car on the left rear end." The record does not reflect that the counterclaim was ever served upon Stewart or that notice of its filing was entered of record. Thereafter, counsel appeared on Lathan's behalf solely on the underlying matter, absent any knowledge of the counterclaim.

Following a bench trial on August 3, 2009[2], judgment was entered in favor of Lathan. It

---

[1] Stewart's filings, commencing with her notice of appeal, include the name Laura A. Holwell as a plaintiff and counterdefendant. This is facially inaccurate. Holwell, one of Stewart's attorneys, was not a party to the underlying proceedings, but is now a party to this appeal by virtue of being sanctioned by the trial court.

[2] The facts set forth herein are based upon Stewart's version of events and supplemented by the Judge Pamela Hill Veal's "Facts, Findings, Decision and Order," entered on August 11,

was then for the first time brought to the attention of the court and counsel that Lathan had filed a counterclaim. However, at that point, plaintiff was no longer present. Plaintiff's original trial counsel explained to the court that he never received the counterclaim. Lathan's counsel also noted that he too was unaware of its existence.

The court set the counterclaim for hearing and prove-up on August 10, 2009. Stewart describes this as taking place "[o]ver objection." Judge Veal's August 11 order stated:

> "After unprofessional conduct and demands for a re-trial before another judge from the plaintiff's attorney, the court indicated there would be a trial/hearing on the damages set for Monday, August 10, 2009 ***. The court denied the plaintiff's attorney's request for a new trial before another judge. The hearing was set over the objections of the plaintiff's attorney."

On August 7, 2009, Stewart's new counsel, Holwell, appeared on an emergency motion to continue the hearing set for August 10, 2009, to adequately prepare for resolution of the counterclaim. Notice of the emergency motion was sent to Stewart's original counsel, as well as Lathan's trial attorney. The motion was heard before Judge Moltz, sitting in Judge Veal's stead, who, as noted, was presiding over the matter. Stewart's motion was granted and the cause was continued to August 28, 2009, for status.

Lathan, apparently unaware of the emergency motion, appeared in court on the originally scheduled court date of August 10, 2009. In response, "Judge Veal conference [*sic*] with Judge Moltz." While the substance of that discussion is not of record, apparently Judge Moltz was

2009 (August 11 order).

prompted to call Stewart's attorney, Holwell, leaving a message for her to contact him. Thereafter, according to Judge Veal's order, "Judge Moltz notified Judge Veal that Atty. Holwell would appear in court on August 11, 2009 at 11:00 p.m. [*sic*] and that there was a possibility that the August 07, 2009 order would be vacated." The order further stated that Holwell "relied on someone else to notify the defendant" that the court date was changed, but did not personally mail the order to him.

We recognize that Stewart's version of events of August 10, 2009, differs from the recitals of Judge Veal's order. According to Stewart's brief, Holwell received a call from Judge Moltz seeking a return call. Thereafter, another attorney from Holwell's office, Laura DiAndrea-Iversen, returned Judge Moltz's call and left him a voicemail message. In substance, Judge Moltz was informed that Holwell had conferred with the other attorneys of record. They collectively agreed it was "highly improper that only Ms. Holwell was contacted requesting her appearance on August 11, 2009." The message further indicated no counsel of record would appear until the previously ordered court date of August 28, 2009.

On August 11, 2009, Lathan again appeared in court. According to the August 11 order, Judge Veal's clerk attempted to reach Holwell. No mention is made of any efforts to reach Lathan's attorney or whether he actually appeared. Eventually, a message was left at Holwell's office ordering her appearance by noon, or she "may" face sanctions. According to Judge Veal, "The court clerk called several more times and was provided conflicting information regarding Atty. Holwell's whereabouts." When Holwell failed to appear as of 1 p.m., the trial judge swore Lathan and heard his testimony. Judge Veal found Stewart liable for the damages to Lathan's

1-09-2384

vehicle and entered judgment in his favor in the amount of $2,176.22, plus court costs.

Additionally, the court entered the following as to Holwell:

"Atty. Holwell is sanctioned $300.00 for her failure to comply with court orders to appear in court. Defendant, David Lathan, appeared in court on two occasions where Atty. Holwell neglected to appear in court or notify him."

Holwell was ordered to pay Lathan within 14 days of the entry of the order. Also, at some point on August 11, 2009, Judge Moltz entered an order vacating his August 7, 2009 order.

Stewart now appeals.

ANALYSIS

Fundamental principles of due process require that parties receive procedural due process in the form of notice and an opportunity to be heard. *Gredell v. Wyeth Laboratories, Inc.*, 346 Ill. App. 3d 51, 62, 803 N.E.2d 541, 550 (2004). Parties to actions in the circuit court are entitled to notice, either personally or upon their counsel of record, of pending motions or hearings. *Gredell*, 346 Ill. App. 3d at 62, 803 N.E.2d at 550; 145 Ill. 2d R. 11(a). Likewise, rule 2.1 of the circuit court of Cook County requires written notice to all parties who have appeared regarding motion hearings. Cook Co. Cir. Ct. R. 2.1(a). As the determination of whether a party received proper or adequate notice is a question of law, our review is *de novo*. *Hwang v. Department of Public Aid*, 333 Ill. App. 3d 698, 703, 776 N.E.2d 801, 806 (2002).

Supreme Court Rule 11 does not mention or authorize telephonic notice to parties. See 145 Ill. 2d R. 11(b). However, the rule does permit notice by facsimile where the parties so agree. 145 Ill. 2d R. 11(b)(4). At least one court has extended the rule to permit telephonic

5

notice provided the parties are in agreement. *Lewis v. Collinsville Unit No. 10 School District*, 311 Ill. App. 3d 1021, 1028, 725 N.E.2d 801, 806 (2000) ("Unless all parties agree, verbal telephonic notification simply does not suffice"). In the present case, it appears telephonic notice – albeit undertaken by Judge Moltz – was made or attempted to be made on Holwell as to the August 11, 2009, hearing. No notice of any kind appears to have been made upon Lathan's counsel, though Lathan knew of the situation by virtue of his own presence in court on the previous day. The same cannot be said of his counsel. We thus determine that notice was lacking in both form and substance insofar as the August 11, 2009, hearing was concerned.

We turn then to the next component in the analysis, namely, whether the parties were afforded an opportunity to be heard. *Gredell*, 346 Ill. App. 3d at 62, 803 N.E.2d at 550. As we perceive the overarching issue on appeal impacts the actions of the judges involved, we are compelled to consider the Code of Judicial Conduct and its canons provided in the supreme court rules. Recognizing that the canons are incorporated in the supreme court rules we are mindful of the supreme court's directive that its rules are not aspirational, have the force of law, and should be adhered to as written. See *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). Supreme Court Rule 63, Canon 3, provides:

> "(4) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(a) Where circumstances require, *ex parte* communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:

(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the *ex parte* communication, and

(ii) the judge makes provisions promptly to notify all other parties of the substance of the *ex parte* communication and allows an opportunity to respond.

(b) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges." Official Reports Advance Sheet No. 9 (April 25, 2007), R. 63(A)(4), eff. April 16, 2007.

The record on appeal lacks any transcripts, bystander's reports, or accounts of the actual series of events. Nevertheless, a review of the record available to us warrants the finding that Judge Veal failed to afford the parties the "right to be heard according to law." Official Reports Advance Sheet No. 9 (April 25, 2007), R. 63(A)(4), eff. April 16, 2007. Apparently, when Lathan appeared for court on August 10, unaware of Judge Moltz's order, Judge Veal *sua sponte* implicitly vacated her colleague's order without proper notice to plaintiff or any of the respective counsel. "By its very nature, a *sua sponte* ruling deprives a party of notice and an opportunity to raise objections because the court acts on its own and without any warning." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 13, 729 N.E.2d 75, 84 (2000). In turn, Veal conducted a

conference with Moltz. It is unclear why such a conference was necessary, given the relatively uncomplicated nature of the situation. Although we recognize that subsection (b) of Rule 63 permits judges to consult one another, here the conference resulted in Judge Moltz engaging in *ex parte* communications with Stewart's attorney. Nothing in the record satisfies us that these communications were made consistent with Rule 63(A)(4)(a)(i) and (ii). Specifically, there is no indication Judge Moltz made any effort to contact any of the other attorneys of record and allow them to respond. See Official Reports Advance Sheet No. 9 (April 25, 2007), Rs. 63(A)(4)(a)(i) through (ii), eff. April 16, 2007. Because these efforts did not constitute sufficient notice to all of the parties they did not comport with the requirements of the rule.

Moreover, at the time of these *ex parte* endeavors, Judge Moltz's order, entered on August 7, 2009, was manifestly in effect. The August 7 order, with its concomitant August 28 status date, remained in effect until August 11, when Judge Moltz entered his order of vacatur. We question the necessity for Judge Moltz's involvement on August 11 given that Judge Veal was present and presiding over the case in each of its respects. Veal's presence was clearly manifested by her directions to staff to locate attorney Holwell and her eventual entry of judgment in favor of Lathan on the counterclaim. For those reasons, we discern that judgment on the counterclaim was improvidently entered, as there was no notice to the parties or opportunity to be heard.

Next, we address the issue of the sanction imposed against Holwell. Within Judge Veal's August 11, 2009, "Facts, Findings, Decision and Order," there is a section entitled "Decision." One paragraph memorializes the judgment entered in favor of Lathan. The second states:

> "Atty. Holwell is sanctioned $300.00 for her failure to comply with court orders to appear in court. Defendant, David Lathan, appeared in court on two occasions where Atty. Holwell neglected to appear in court or notify him."

There is no indication of any lawful basis for the imposition of this sanction. We are, of course, mindful that Supreme Court Rule 137 authorizes the imposition of sanctions for failing to sign documents submitted to the court or signing documents presented for an improper purpose. 155 Ill. 2d R. 137. Yet, according to Rule 137, "Where a sanction is imposed ***, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 155 Ill. 2d R. 137. Though Judge Veal does offer reasons for imposing a sanction against Holwell, those reasons clearly fall outside the rubric of Rule 137. Manifestly, here the sanction did not arise from the signing or filing of any documents. Despite Judge Veal's characterization of her act as a sanction, we find it more closely resembles a punishment for contempt.

As our supreme court noted in *People v. Ernest*:

> "A court has the inherent power to punish, as contempt, conduct that is calculated to impede, embarrass, or obstruct the court in its administration of justice or derogate from the court's authority or dignity, or to bring the administration of the law into disrepute." *People v. Ernest*, 141 Ill. 2d 412, 421, 566 N.E.2d 231, 235 (1990).

Arguably, the court's sanction here speaks to an obstruction of the administration of justice. However, Judge Veal never invoked the word "contempt" or claimed authority premised on the

contempt power. Moreover, if a contempt was indeed perceived as a basis for the sanction, the record is bereft of any suggestion that Holwell was afforded any of the due process rights inherent in such proceedings.

In the case *sub judice*, Holwell appears to have disregarded the order to appear made telephonically by Judge Moltz. This decision seemingly followed upon a conference between the attorneys of record wherein they decided to abide by the order entered on August 7, rather than respond to Judge Moltz's request to appear. As noted, that telephonic effort was directed only to Holwell and not to any other counsel of record, despite the fact that Lathan was still apparently represented. Although we question the prudence of attorneys deciding *sua sponte* not to appear, the fact remains that the only viable court order then existing was the August 7 order which had continued the matter until August 28, 2009. See *Ernest*, 141 Ill. 2d at 424, 566 N.E.2d at 236 ("A court order made within the proper exercise of jurisdiction, no matter how erroneous, must be obeyed until the order is modified or set aside by the trial court or reversed on appeal"). Importantly, as our supreme court stated in *People v. Waldron*: "Whether a contempt is considered direct or indirect, if the court is required to determine whether the conduct alleged was wilful, and in order to do so must consider extrinsic evidence as to matters not within its knowledge, the respondent must be given an opportunity to defend." *People v. Waldron*, 114 Ill. 2d 295, 302, 500 N.E.2d 17, 20 (1986). Though the underlying situation encompassed some facts within Judge Veal's knowledge, to find Holwell in contempt the court had to offer her an opportunity to appear and afford her a hearing to determine whether her conduct was willful. Clearly, this did not happen here. Consequently, if the sanction was intended as a finding of

contempt, it was lacking due process of law. *Waldron*, 114 Ill. 2d at 302, 500 N.E.2d at 20.

Without knowing the basis for the entry of sanctions against Holwell, we are equally unable to determine the propriety of the monetary penalty payable to Lathan, whose *pro se* efforts achieved victory on his counterclaim. We therefore vacate the order imposing a $300 sanction on Holwell and ordering it payable to Lathan. Notably, we can find no precedent, either statutorily or decisional, for awarding a sanction directly to a litigant in the fashion undertaken by Judge Veal.

In light of the foregoing, we determine that the proceedings surrounding entry of judgment in Lathan's favor on the counterclaim and the imposition of sanctions against Holwell were fatally flawed. Consequently, we vacate the judgment of the circuit court of Cook County in all respects and remand the cause for further proceedings on Lathan's counterclaim. We further direct the case to be assigned to a judge other than those previously involved.

Vacated and remanded for further proceedings.

FITZGERALD SMITH and HOWSE, JJ., concur.