2021 IL App (1st) 210981-U

SECOND DIVISION
December 28, 2021

1-21-0981

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

|  |  |  |
|---|---|---|
| *In re* MARRIAGE OF | ) | |
| | ) | |
| | ) | |
| W. KEHAULANI LUM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner, | ) | Cook County. |
| | ) | |
| and | ) | No. 11 D 7463 |
| | ) | |
| LOUIS D'ANGELO, | ) | Honorable |
| | ) | James A. Shapiro, |
| Respondent | ) | Judge Presiding. |
| | ) | |
| (Republic Bank of Chicago, Intervenor-Appellant, and | ) | |
| James E. Sullivan, Court-Appointed Receiver- | ) | |
| Appellee). | ) | |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1 *Held:* We affirm the order of the circuit court denying Republic Bank's motion to vacate an order appointing a receiver, and we remand the cause for further proceedings. The court did not abuse its discretion when it denied Republic Bank's motion to vacate on grounds it did not receive prior notice. Republic Bank was not a party to the dissolution of marriage case when the receiver was appointed; and therefore, Republic Bank was not required to be notified prior to the court's appointment of the receiver.

¶ 2      This interlocutory appeal arises from an order of the circuit court denying the Republic Bank of Chicago's motion to vacate the appointment of a receiver for commercial real estate in a post-dissolution proceeding. Republic Bank contends: (1) the court denied its procedural due process rights of notice and an opportunity to be heard before appointing a receiver; (2) the court denied its statutory rights to notice and a full hearing before waiving the bond requirement; and (3) the court abused its discretion in appointing a receiver under the circumstances.

¶ 3      For the following reasons, we affirm the circuit court's order.

¶ 4                                         BACKGROUND

¶ 5      In February 2016, the circuit court entered a judgment dissolving the marriage between W. Kehaulani Lum and Louis D'Angelo. Their marital settlement agreement provided for the sale and distribution of the proceeds from real estate properties including unfinished commercial space at 318 S. Michigan Avenue.

¶ 6      In October 2018, Lum filed a petition for a rule to show cause against D'Angelo based on his failure to comply with certain provisions of the marital settlement agreement requiring him to pay Lum a substantial sum of money. After a full hearing in February 2020, the circuit court entered an order finding D'Angelo in indirect civil contempt for failing to pay Lum $2,737,430 plus statutory judgment interest. The court ordered D'Angelo to pay $50,000 to purge his contempt and stayed his commitment to Cook County jail for a status date. In July 2020, the court issued a body attachment against D'Angelo for failing to purge his contempt.

¶ 7      On August 21, 2020, the court adopted and entered an agreed order presented by Lum and D'Angelo to purge D'Angelo's contempt. The order appointed James E. Sullivan as the receiver for several parcels of real estate including the commercial real estate at 318 S. Michigan Avenue, which was titled under 318 Retail, LLC where D'Angelo has an interest. The parties

agreed to reduce D'Angelo's "cash bond" to zero dollars and agreed to the appointment of the receiver "without bond" to satisfy D'Angelo's obligations to Lum under their marital settlement agreement. Additionally, D'Angelo agreed to submit a sworn statement listing the amount and nature of all liabilities related to the real estate properties.

¶ 8        On February 16, 2021, Republic Bank filed its appearance and petition to intervene in the post-dissolution proceeding. The court granted Republic Bank's petition to intervene for the purpose of challenging the August 21, 2020 order appointing the receiver.

¶ 9        In April 2021, Republic Bank filed a second-amended "petition to vacate" the appointment of the receiver. Republic Bank alleged a deprivation of its procedural due process rights to notice and an opportunity to be heard before the appointment of the receiver. Republic Bank also alleged a deprivation of its statutory rights to notice and a full hearing before waiving the bond requirement under section 2-415(a) of the Code of Civil Procedure (735 ILCS 5/2-415(a) (West 2020)). Republic Bank stated 318 S. Michigan Avenue was encumbered by a first mortgage and assignment of rents to Republic Bank in 2016 before the order appointing the receiver was entered. Republic Bank also attached a copy of its foreclosure complaint filed in February 2020 before the order appointing the receiver in this post-dissolution proceeding. According to Republic Bank, "[t]here is no factual question that Republic Bank was not a party defendant at the time of the entry of the Order and otherwise was not afforded an opportunity to be heard on the issues before the entry of the Order." Moreover, Republic Bank alleged the appointment was clearly erroneous and noted the appointment of the receiver occurred when there was no motion to do so.

¶ 10        The receiver filed a response brief opposing Republic Bank's second-amended petition. Lum filed a motion to dismiss.

¶ 11    Following a hearing, the court denied Republic Bank's second-amended petition to vacate the appointment of the receiver and denied Lum's motion to dismiss. The court noted Republic Bank was not a party to the post-dissolution proceeding on August 21, 2020, when the receiver was appointed by agreement of Lum and D'Angelo. The court ruled procedural due process rights to notice and an opportunity to be heard apply to parties, not necessarily for non-parties that have an interest in the property, even a publicized interest such as constructive notice of a mortgage lien. Nevertheless, the court stated Republic Bank's due process concerns were satisfied when it intervened and the receiver assured Republic Bank its mortgage lien would be protected. Moreover, the court thought it was unnecessary for the receiver to post a bond on the unfinished commercial space at 318 S. Michigan Avenue because the property is unrentable.

¶ 12    Republic Bank filed this interlocutory appeal under Illinois Supreme Court Rule 307(a)(2), (b) (eff. Feb. 26, 2010).

¶ 13                                    ANALYSIS

¶ 14    Republic Bank contends the trial court denied its procedural due process rights of notice and an opportunity to be heard by appointing a receiver without giving it prior notice. Republic Bank also argues the order appointing the receiver must be vacated because the trial court failed to conduct a hearing before waiving bond as required by statute. Finally, Republic Bank argues that this is not an appropriate case for the appointment of a receiver.

¶ 15                                    Standing

¶ 16    We initially address Republic Bank's argument, raised for the first time in its reply brief, that the receiver lacks standing to appear and defend the judgment in this appeal. The receiver filed a brief in the trial court and an attorney representing the receiver participated in oral argument to oppose Republic Bank's motion to vacate the order appointing the receiver.

Republic Bank did not object to the standing of the receiver to file briefs and argue in opposition to Republic Bank's motion in the trial court. Our supreme court has stated that "lack of standing in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988).

¶ 17　　　　Furthermore, Republic Bank did not raise the issue of the receiver's standing in its opening brief and is therefore in violation of Illinois Supreme Court Rule 341 which states, " 'Points not argued [in the opening brief] are waived and shall not be raised in the reply brief ***.' " *Cain v. Joe Contarino, Inc.*, 2014 IL App (2d) 130482, ¶ 56 (quoting Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); and citing *Franciscan Communities, Inc. v. Hamer*, 2012 IL App (2d) 110431, ¶ 19). " 'The reply brief, if any, shall be confined strictly to replying to arguments presented in the brief of the appellee * * *.' " *Id.* (quoting Ill. S. Ct. R. 341(j) (eff. Feb. 6, 2013)). We find that Republic Bank has waived the standing issue by failing to raise the issue in the trial court and in its opening brief in this court. See *id.*; see also *Greer*, 122 Ill. 2d at 508.

¶ 18　　　　　　　　　　　　　　Notice and Due Process

¶ 19　　　　Republic Bank next claims it was entitled to notice before the receiver was appointed. Republic Bank argues that because it was not given notice, it was denied due process and the order appointing the receiver should be vacated.

¶ 20　　　　The receiver responds that Republic Bank was not a party to this lawsuit when the order appointing a receiver was entered and Republic Bank has not cited any authority requiring non-party creditors in a lawsuit to receive notice prior to the appointment of a receiver.

¶ 21　　　　Republic Bank was granted leave to intervene after the appointment of the receiver. Yet Republic Bank's status as an intervenor entitles it to notice of all matters that occurred *after* its intervention in the case, not before. See *In re Marriage of Clark*, 170 Ill. App. 3d 690, 692

(1988) (the Department of Public Aid, as an intervenor, had all the rights of an original party and was entitled to notice in all future proceedings after its intervention).

¶ 22     We find Republic Bank's due process claims are meritless. Procedural due process claims challenge the constitutional sufficiency of the specific measures used to deny a person's life, liberty, or property interests. *Village of Vernon Hills v. Heelan*, 2015 IL 118170, ¶ 31. Under our federal and state constitutions, due process demands that orderly proceedings according to established rules should be observed. *Lincoln-Lansing Drainage District v. Stone*, 365 Ill. 41, 45 (1936). " 'A court will find a due process violation only if there is a showing of prejudice.' " *Mohorn-Mintah v. Board of Education of City of Chicago*, 2019 IL App (1st) 182011, ¶ 31 (quoting *Gonzalez v. Pollution Control Board*, 2011 IL App (1st) 093021, ¶ 42).

¶ 23     Where the person has "due and sufficient notice" and an adequate opportunity to be heard, the constitutional demands of due process are met. *Lincoln-Lansing Drainage District*, 365 Ill. at 45. A procedural due process claim is a question of law subject to *de novo* review. *Village of Vernon Hills*, 2015 IL 118170, ¶ 31.

¶ 24     In this case, the trial court conducted a full hearing on Republic Bank's objections to the appointment of a receiver. Therefore, Republic Bank has suffered no prejudice from the alleged lack of notice where the circuit court allowed it to intervene in this post-dissolution hearing and heard its objections to the appointment of the receiver at a full hearing. See *Iroquois Furnace Co. v. Kimbark*, 85 Ill. App. 399, 404 (1899) (The record conclusively shows the appellant suffered no prejudice due to lack of notice where "upon a full hearing participated in by appellant, the court afterward denied a motion to vacate the order of appointment."); see generally *Lincoln-Lansing Drainage District*, 365 Ill. at 45 (The respondent was afforded due process upon "sufficient notice and an adequate opportunity to present his defense."). Having intervened and

obtained a hearing on the issues raised in this appeal, Republic Bank cannot complain it had no opportunity to be heard or suffered due to lack of notice. See *Kilpatrick v. Buhlig*, 294 Ill. App. 304, 312 (1938) (The record title holder was not a party of record at the time the receiver was appointed but subsequently appeared and had a hearing on his objections.). We cannot conclude on the record before us that the trial court denied Republic Bank its procedural due process rights of notice and an opportunity to be heard before appointing the receiver.

¶ 25                                          Bond Requirement

¶ 26         Next, Republic Bank contends the order appointing the receiver must be vacated because the trial court denied its statutory rights to notice and a full hearing before waiving the bond requirement. Whether a party received proper or sufficient notice is a question of law subject to *de novo* review. *Stewart v. Lathan*, 401 Ill. App. 3d 623, 626 (2010).

¶ 27         In support of its argument, Republic Bank cites section 2-415(a) of the Code of Civil Procedure (735 ILCS 5/2-415(a) (West 2020)). Section 2-415(a) provides that before a receiver is appointed, the party seeking the appointment of a receiver must give a bond to the "adverse" party unless the court determines a bond is not required after "notice and full hearing." *Id.*

> "(a) Before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court may order and with security to be approved by the court conditioned to pay all damages including reasonable attorney's fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside. Bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of the opinion that a receiver ought to be appointed without such bond." *Id.*

¶ 28     The receiver argues the statute is inapplicable to the facts of this case. The statute does not provide a basis to vacate the order because Republic Bank was not a party, let alone an adverse party, at the time the appointment was made. Rather, the appointment was made in the exercise of the court's equitable power pursuant to the agreed order of the parties. Although some statutes provide for the appointment of a receiver, the power to appoint a receiver is part of the inherent equity jurisdiction of the court and not dependent on any statute. *Compton v. Paul K. Harding Realty Co.*, 6 Ill. App. 3d 488, 498 (1972); *Chicago Title & Trust Co. v. Mack*, 347 Ill. 480, 483 (1932). Moreover, a court may appoint a receiver without a motion from any party. *Schroeder v. Meier-Templeton Associates, Inc.*, 130 Ill. App. 3d 554, 561-62 (1984).

¶ 29     As an intervenor, Republic Bank is not an "adverse" party in the post-dissolution proceeding between Lum and D'Angelo. See *In re Marriage of Pal*, 397 Ill. App. 3d 903, 911 (2010) (In a dissolution action, the spouses are the "opposing" parties.); see also *In re Marriage of Kane*, 2018 IL App (2d) 180195, ¶¶ 20-21 (intervenor seeking attorney fees under the Illinois Marriage and Dissolution of Marriage Act is not an "opposing" party in a dissolution action). Only Lum and D'Angelo were opposing parties and they agreed to not require bond from each other. Moreover, the statute at issue requires the party requesting the receivership to give bond to the adverse party. The statute does not require the receiver to give bond.

¶ 30     The adverse parties agreed in the order that bond, which would be required for their protection, would be waived. A party may waive statutory rights, substantive rules of law, and constitutional rights enacted for their benefit. *Doe v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 58. The receiver was appointed by the court in the exercise of its equitable powers and the agreement of the adverse parties. Here, it is clear that Republic Bank was not a *party* to this case, (and consequently not an *adverse party*) prior to the appointment of the

receiver. Thus, Republic Bank was not entitled to notice, and a bond was not required where it was waived by the parties entitled to the protection of a bond. In so finding, we necessarily reject Republic Bank's assertion that the receiver waived any argument that his appointment was a proper exercise of the circuit court's discretion. Although issues not raised by appellants in their briefs are generally considered waived, appellees like the receiver may advance any point in support of the judgment on appeal that is supported by the record regardless of whether the point was raised before the trial court, and we may affirm on that basis. *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 37 (1994).

¶ 31                                     Appropriateness of Receivership

¶ 32         Nevertheless, Republic Bank contends the trial court abused its discretion in appointing a receiver under the circumstances. Republic Bank asserts neither Lum nor D'Angelo own 318 S. Michigan Avenue, there is no evidence that property has been the subject of neglect or misconduct, and the receiver was merely appointed to satisfy D'Angelo's obligations to Lum under their marital settlement agreement.

¶ 33         A receiver is a neutral person appointed by the court to take possession and hold property for the benefit of the party ultimately entitled. *In re Marriage of Pick*, 167 Ill. App. 3d 294, 299 (1988). A receiver is considered an officer of that court. *City of Chicago v. Jewellery Tower, LLC*, 2021 IL App (1st) 201352, ¶ 45. The appointment of a receiver is an equitable remedy independent of any statute. *Witters v. Hicks*, 335 Ill. App. 3d 435, 446 (2002). Even so, section 2-415(a) of the Code of Civil Procedure provides for the appointment of a receiver, which rests in the discretion of the trial court. See 735 ILCS 5/2-415(a) (West 2020); *Pick*, 167 Ill. 2d at 299. When a proper case is made, the court may appoint a receiver on its own motion. *Schroeder v. Meier-Templeton Associates, Inc.*, 130 Ill. App. 3d 554, 561-62 (1984).

¶ 34     We review the trial court's decision to appoint a receiver for an abuse of discretion. *City of Chicago*, 2021 IL App (1st) 201352, ¶ 45. An abuse of discretion occurs where no reasonable person would take the view adopted by the court. *Id.* ¶ 46. Put another way, the trial court abuses its discretion by acting arbitrarily, failing to employ conscientious judgment, and ignoring recognized principles of law. *Id.*

¶ 35     Generally, the appointment of a receiver is appropriate where the applicant shows a right to an asset and there is a risk of loss or harm to that asset. *Bagdonas v. Liberty Land & Investment Co.*, 309 Ill. 103, 110 (1923). Courts of equity have power to appoint a receiver, but that discretion should be exercised "for the benefit of creditors or other interested parties only when the necessity therefor clearly appears." *Id.* at 111. Moreover, the Illinois Marriage and Dissolution of Marriage Act grants trial courts broad equitable powers to enter temporary relief including making provisions "for the preservation and conservation of marital assets during the litigation." 750 ILCS 5/102(10) (West 2020).

¶ 36     At the time the receiver was appointed, the circuit court had found D'Angelo in indirect civil contempt for failing to pay Lum $2,737,430 plus statutory judgment interest under their marital settlement agreement. The court ordered D'Angelo to pay $50,000 to purge his contempt and stayed his commitment to Cook County jail for a status date. When D'Angelo failed to purge his contempt, the court issued a body attachment against D'Angelo. Subsequently, the circuit court entered Lum and D'Angelo's agreed order appointing the receiver for 318 S. Michigan Avenue. The property was titled under 318 Retail, LLC where D'Angelo has a controlling interest. The agreed order stated the parties had agreed to reduce D'Angelo's "cash bond" to zero dollars and the appointment of the receiver "without bond" to satisfy D'Angelo's obligations to Lum under their marital settlement agreement. The marital settlement agreement provided for the

sale and distribution of the proceeds from real estate properties including unfinished commercial space at 318 S. Michigan Avenue. D'Angelo's apparent inability to pay $50,000 to purge his contempt raised concerns about his ability to honor his obligations to Lum. We cannot say no reasonable judge would appoint a receiver for the sale of 318 S. Michigan Avenue under these circumstances. Accordingly, we conclude the circuit court did not abuse its discretion when it denied Republic Bank's motion to vacate the order appointing the receiver.

¶ 37                                                    CONCLUSION

¶ 38        For the reasons stated, we affirm the order of the circuit court of Cook County and remand the cause for further proceedings.

¶ 39        Affirmed; cause remanded for further proceedings.